COWART, Judge.
This case involves a question of whether section 627.426(2), Florida Statutes, creates coverage under an expired liability insurance policy where the issuing insurance company did not comply with the provisions of that statute.
Appellant United States Fidelity and Guaranty Company (USF & G) issued to appellee Adolf Construction Company a “claims-made” contractor’s comprehensive liability insurance policy. This policy provided coverage “if the negligent or omitted act is discovered or brought to the attention of the insurer within the policy term.” The policy term here was 1972-1973, the period during which Adolf installed electrical wiring in a construction project. In 1984, Robert Huddleston was electrocuted due to Adolfs allegedly negligent installation of the wiring. Huddleston’s estate and survivors brought an action against Adolf. Adolf notified USF & G and appel-lee American Fire and Indemnity Company of the claim.[1] It is undisputed that the act *625 causing the accident in this case was discovered or brought to USF & G’s attention in 1984, over ten years after USF & G’s policy had expired.
American filed an action seeking declaratory relief against Huddleston’s estate and survivors, Adolf, and USF & G. Adolf counterclaimed against American and crossclaimed against USF & G. The trial court entered final summary judgments in favor of Adolf and American, and against USF & G, finding that USF & G’s “claims-made” policy, though expired, provides coverage to Adolf because USF & G did not comply with the provisions of section 627.-426(2). We reverse.
Section 627.426(2) provides that a liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless the insurer performs certain acts specified in the statute. However, the term “coverage defense” does not include a complete lack of coverage such as in this case, where the policy term had expired and the liability coverage terminated ten years before any claim was made on the policy. An insurer does not assert a “coverage defense” where there was no coverage in the first place. The legislature did not intend, by section 627.426(2), to create coverage under a liability insurance policy that never provided that coverage, or to resurrect a policy that has expired by its own terms and no longer legally exists, to cover an accident or event occurring after its termination. Accordingly, section 627.-426(2) does not apply in this case and the lower court erred in so holding. The summary judgments against USF & G are
REVERSED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.

. Appellee American Fire and Indemnity Company issued Adolf a similar policy which was in effect from May 12, 1984 to May 12, 1985, during which period the accident causing the electrocution occurred. American notified Adolfs insurance agent that American would defend Adolf in the wrongful death action but reserved its right to assert a coverage defense.