512 So.2d 1118 (1987)
AIU INSURANCE COMPANY, a foreign Corporation, Appellant,
v.
BLOCK MARINA INVESTMENT, INC., d/b/a Florida Yacht Basin, and Norfolk Marine Company, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellees.
No. 87-46.
District Court of Appeal of Florida, Third District.
September 22, 1987.
Richard A. Sherman and Rosemary Wilder, Ft. Lauderdale, for appellant.
Thornton, David & Murray and Terry L. Redford, Miami, for appellee Block Marina.
Payton and Rachlin and Kenneth J. Carusello and Richard S. Rachlin, Miami, for appellee Norfolk Marine Co.
Before HENDRY, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The issue presented is whether noncompliance with the notice requirements of section 627.426(2), Florida Statutes (1985),[1] prohibits an insurer from denying coverage as to a loss which may be excluded under a comprehensive liability policy.
Block Marina, the insured, obtained from AIU Insurance Company a comprehensive general liability policy which contained a marina operator's legal liability endorsement. The policy, obtained through Gulfstream, an independent agent, had coverage dates from June 1983 through June 4, *1119 1986. Effective June 4, 1984, the marina operator's legal liability endorsement was eliminated from the policy.
In mid-June, 1984, Block contracted with Norfolk Marine to repair Norfolk's ship, the Tigress. A claim arose out of the alleged negligence of Block in the custody and repair of the Tigress. AIU wrote Block shortly thereafter informing Block that while the claim was one not normally covered under general insurance policies, it would provide a defense for Block to Norfolk's lawsuit under a reservation of rights while it reviewed the coverage question.
In January, 1986, AIU notified the independent broker, Gulfstream, that Block's loss was not covered under AIU's policy because the loss had occurred after the marina operator's endorsement was eliminated. Gulfstream disputed AIU's interpretation of the policy. On March 20, 1986, two weeks before the trial of Norfolk's suit against Block, AIU notified Block that it was not covered under the policy and withdrew from representation of Block in the pending litigation.
Block hired its own attorneys and entered into a consent judgment for $125,000. The judgment was assigned to Norfolk with a stipulation that Norfolk would not seek to enforce the judgment against Block.
This appeal is brought from a summary judgment for Block and Norfolk prohibiting AIU from denying coverage, on a finding that the insurer notified its insured of a refusal to defend more than sixty days after its reservation letter and within thirty days of trial, in violation of the statute.
AIU, the insurer, relies on United States Fidelity and Guarantee Co. v. American Fire and Indemnity Co., 511 So.2d 624 (Fla. 5th DCA 1987), a recent opinion of a divided court[2] which held:
[t]he legislature did not intend, by section 627.426(2), to create coverage under a liability insurance policy that never provided that coverage, or to resurrect a policy that has expired by its own terms and no longer legally exists, to cover an accident or event occurring after its termination.
Id. at 625.
Block Marina, the insured, contends the construction given the statute by the majority in the fifth district case renders the statute meaningless. Further, the insured argues, this case is distinguishable because here, unlike in the fifth district case, there was a comprehensive liability policy in force at the time of the loss, and even if there is no coverage for Block's specific losses, a disputed issue, the policy at one time did provide coverage for such losses.
AIU's defense here is an untimely "no coverage" defense. We agree with the appellees that this case is distinguishable from the fifth district case. Here there was a contract of insurance in effect between the parties and there was also, obviously, a legitimate question as to whether the policy provided coverage for the loss.[3] In United States Fidelity and Guarantee the court held, essentially, that there is no coverage issue where there is no policy. The question in this case is whether the policy covers a specific loss.
Where the statute's notice provisions are not followed the insurer is not permitted "to deny coverage based on a particular coverage defense." The language is unambiguous. There is no compelling reason to wholly preserve the judicially-created prohibition against coverage by estoppel, see, e.g., Six L's Packing Co. v. Florida Farm Bureau Mut. Ins. Co., 276 So.2d 37 (Fla. 1973), by attributing ambiguity to a facially clear legislative pronouncement. It is not *1120 the court's function or perogative to modify or shade clearly expressed legislative intent in order to uphold a policy favored by the court. Holly v. Auld, 450 So.2d 217 (Fla. 1984).[4]
Summary judgment for the insured is AFFIRMED.
HENDRY, J., concurs.
NESBITT, Judge (dissenting in part, and concurring in part):
The insured's loss occurred pursuant to a contract of bailment. The comprehensive general liability insurance policy in force explicitly exempted bailment losses from coverage. It was the knowledge of that fact which apparently prompted the insured to obtain an endorsement specifically covering the bailed goods. When the endorsement lapsed in June 1984, the insured was entirely unprotected from the loss sustained. It is conceded that, under the decisional law in effect prior to the adoption of section 627.426(2), Florida Statutes (1985), insurance coverage may not be afforded under general principles of waiver or estoppel. The legislature was presumed to know not only the law, but also that courts may be expected to construe their acts, not only by legal effect, but by language employed to manifest intention. Section 627.426(2) plainly refers to some "particular coverage defense." It is plain that the legislature did not intend to completely abolish the notion that insurance coverage cannot be created by waiver or estoppel. Here, it is unnecessary to determine what more the legislature intended. Since the statute is irrelevant, I would reverse the order under review on the authority of United States Fidelity & Guar. Co. v. American Fire & Indem. Co., 511 So.2d 624 (Fla. 5th DCA 1987). Otherwise, I concur with the court's certifying the conflict of decisions.
NOTES
[1] Section 627.426(2) provides:

A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;
2. Obtains from the insured a nonwaiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or
3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court. (Emphasis added).
[2] Judge Sharp, in a dissenting opinion, was of the view that the statute is written in clear and unambiguous language which broadly impacts a body of case law regarding the effect of waiver and estoppel on insurance contracts. Her view was that judicial attempts to read the existing case law into the statute would render the statute meaningless and ineffective.
[3] The dissent characterizes Block's damage as an exempted bailment loss. By a letter of August 27, 1985, however, AIU advised Block that AIU would provide a defense "due to the fact that the count of negligence comes under your [comprehensive] insurance policy." AIU was thus, at least initially, less certain than is the dissent as to whether Block's loss was covered. In fact AIU defended the claim for seven months before denying coverage.
[4] We certify the case as possibly in conflict with United States Fidelity and Guarantee Co. v. American Fire and Indemnity Co., 511 So.2d 624.