544 So.2d 998 (1989)
AIU INSURANCE COMPANY, Petitioner,
v.
BLOCK MARINA INVESTMENT, INC., et al., Respondents.
No. 71264.
Supreme Court of Florida.
April 27, 1989.
Rehearing Denied July 14, 1989.
Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for petitioner.
Terry L. Redford of Thornton, David & Murray, P.A., Miami, for respondent Block Marina.
Richard S. Rachlin and Kenneth J. Carusello of Payton and Rachlin, P.A., Miami, for respondent Norfolk Marine Co.
EHRLICH, Chief Justice.
We have for review AIU Insurance Co. v. Block Marina Investment, Inc., 512 So.2d 1118 (Fla. 3d DCA 1987), because of certified conflict with United States Fidelity and Guaranty Co. v. American Fire and Indemnity Co., 511 So.2d 624 (Fla. 5th DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The issue before us is whether petitioner AIU Insurance Company (AIU) is prohibited from denying coverage in connection with a loss, coverage for which is excluded under a comprehensive liability policy, due to its noncompliance with the notice requirements of section 627.426(2), Florida Statutes (1985). Section 627.426(2) provides in pertinent part:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured... .
Block Marina obtained a comprehensive general liability policy from AIU which contained an exclusion of coverage for damage *999 to property in the care, custody, or control of the insured. A marina operator's legal liability endorsement to the policy was written which the parties agree would have provided coverage for the claim in question. However, prior to the alleged act of negligence giving rise to a claim against Block Marina by Norfolk Marine, the marina operator's legal liability endorsement was eliminated from the policy. AIU informed Block Marina that although the claim was not one generally covered under the policy, it would provide a defense subject to a reservation of its right to assert a coverage defense under section 627.426(2)(a). Two weeks prior to trial, AIU refused further defense, notifying Block Marina that the claim was not covered under the policy. Thereafter, Block Marina entered into a consent judgment with Norfolk Marine, who agreed not to seek to enforce the judgment against Block Marina. Block Marina and Norfolk Marine were granted a summary judgment prohibiting AIU from denying coverage, because AIU had failed to notify the insured of its refusal to defend within sixty days after its reservation letter and within thirty days before trial, as required by section 627.426(2)(b).
On appeal, AIU relied on the Fifth District Court of Appeal's decision in United States Fidelity and Guarantee Co. v. American Fire and Indemnity Co., 511 So.2d 624, 625 (Fla. 5th DCA 1987) [hereinafter USF & G] in which the court held:
The legislature did not intend, by section 627.426(2), to create coverage under a liability insurance policy that never provided that coverage, or to resurrect a policy that has expired by its own terms and no longer legally exists, to cover an accident or event occurring after its termination.
In USF & G, the policy under which coverage was sought had expired over ten years before the claim was made. The district court below distinguished USF & G by reasoning that in USF & G there was no coverage issue because there was no policy in effect; whereas, in this case, the issue was whether the policy which was in effect covers a specific loss. 512 So.2d at 1119. Finding the statutory language "unambiguous," the district court affirmed the summary judgment for the insured. Id. at 1119-20. The district court then certified its decision as "possibly in conflict" with USF & G. Id. at 1120 n. 4.
We perceive conflict between the two decisions. It matters not that in USF & G there was a complete lack of coverage because the policy term had expired and in the case before us the lack of coverage was due to an express policy exclusion. Analytically, there is no distinction between the two situations. The comprehensive general liability insurance policy in force in this case explicitly excluded bailment losses from coverage. As noted by Judge Nesbett in his dissenting opinion, it was knowledge of this exclusion which apparently prompted the insured to obtain a marina operator's legal liability endorsement specifically covering bailed goods. Id. at 1120. This endorsement lapsed, thus leaving Block Marina unprotected for the loss later sustained. In both the instant case and in USF & G, coverage which was once available had been allowed to lapse. The Fifth District in USF & G held that under such circumstances section 627.426(2) was not intended to create or resurrect coverage. 511 So.2d at 625. The Third District in effect construed the statute to do just that.
The effect of the decision below is to give insurance coverage to Block Marina for bailment losses at a time when the marina operator's legal liability endorsement had been eliminated from the policy and the contract of insurance expressly excluded such losses from coverage. We do not believe that the legislature intended, by the enactment of section 627.426(2), to give an insured coverage which is expressly excluded from the policy or to resurrect coverage under a policy or an endorsement which is no longer in effect, simply because an insurer fails to comply with the terms of the aforementioned statute. The Fourth District Court of Appeal recently reached the same conclusion, holding that section 627.426(2) was not intended to create coverage where a claim is made outside the effective date of the policy or where a *1000 particular loss is expressly excluded from coverage. Country Manors Ass'n v. Master Antenna Systems, Inc., 534 So.2d 1187 (Fla. 4th DCA 1988). The Fourth District recognized that there is a lack of coverage in either case and that "[a]n insurer does not assert a `coverage defense' where there was no coverage in the first place." Id. at 1195 (citing USF & G, 511 So.2d at 625).
Section 627.426(2), by its express terms, applies only to a denial of coverage "based on a particular coverage defense," and in effect works an estoppel. This Court recently reiterated the general rule that, while the doctrine of estoppel may be used to prevent a forfeiture of insurance coverage, the doctrine may not be used to create or extend coverage. Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla. 1987).[1] We do not believe that it was the legislature's intent that section 627.426(2) change this long-standing rule. Further, construing the term "coverage defense" to include a disclaimer of liability based on an express coverage exclusion has the effect of rewriting an insurance policy when section 627.426(2) is not complied with, thus placing upon the insurer a financial burden which it specifically declined to accept. Such a construction presents grave constitutional questions, the impairment of contracts[2] and the taking of property without due process of law. Therefore, we hold that the term "coverage defense," as used in section 627.426(2), means a defense to coverage that otherwise exists. We do not construe the term to include a disclaimer of liability based on a complete lack of coverage for the loss sustained. Under this construction, for example, if the insurer fails to comply with the requirements of the statute, it may not declare a forfeiture of coverage which otherwise exists based on a breach of a condition of the policy. However, its failure to comply with the requirements of the statute will not bar an insurer from disclaiming liability where a policy or endorsement has expired or where the coverage sought is expressly excluded or otherwise unavailable under the policy or under existing law.
Accordingly, we quash the decision of the district court, remand for proceedings consistent with this opinion and approve the decisions of the Fifth District in USF & G and the Fourth District in Country Manors to the extent that they are consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] A very narrow exception to this rule was recently recognized by this Court in Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla. 1987), in which we held that the doctrine of promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice.
[2] U.S. Const., art. I, § 10; Art. I, § 10, Fla. Const.