545 So.2d 462 (1989)
PACIFIC EMPLOYERS INSURANCE COMPANY OF LOS ANGELES, CALIFORNIA, Appellant,
v.
Robert OTT, Don Burnside, and Burnside-Ott Aviation Training Center, Appellees.
No. 88-2460.
District Court of Appeal of Florida, Third District.
June 20, 1989.
*463 Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, and Paul H. Field, Miami, for appellant.
Richard R. McCormack, Miami, for appellees.
Before NESBITT, JORGENSON and LEVY, JJ.
NESBITT, Judge.
In this action for declaratory relief, a legal malpractice liability insurer appeals from a summary judgment determining the extent of coverage available to the insured attorney. We reverse.
Burnside-Ott Aviation Training Center, Don Burnside, and Robert Ott separately notified their attorney that they expected to be indemnified for his negligent handling of the sale of a helicopter which resulted in their liability to another party. Soon thereafter, the attorney notified his legal malpractice liability insurer of the claims. The attorney's policy stated that he was covered for $100,000 on each claim made, up to an aggregate limit of $300,000 per year. However, the policy further stated that two or more claims arising out of a single act or omission or related series of acts or omissions would be treated as one claim.
After notifying the attorney of their claims, the attorney's clients individually filed suit against him asserting identical causes of action for negligence. Each lawsuit sought damages in excess of $100,000. The attorney notified his insurer of the claims; some time later, the insurer gave written notice that coverage was limited to $100,000 for all three claims combined. The insurer later filed a declaratory judgment action seeking a decision to that effect. Burnside, Ott, and the training center filed a counterclaim alleging that coverage extended to $300,000. Cross-motions for summary judgment on these allegations were heard. The insurer's motion was denied; the appellees' motion was granted.
In this appeal, the insurer asserts two grounds which it alleges require reversal of the summary judgment. It first avers that the trial court erred in finding that because the policy's definition of the term "claim" was patently ambiguous, the policy should be construed to provide coverage to the policy limit of $300,000 for the three claims combined. The insurer contends, and we agree, that the policy unambiguously provides that multiple claims or suits arising out of a single act of omission or related series of acts or omissions are to be treated as one claim providing a coverage limit of $100,000. See Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973); Southeastern Fire Ins. Co. v. Lehrman, 443 So.2d 408 (Fla. 4th DCA 1984); Connecticut Gen. Life Ins. Co. v. Moore, 357 So.2d 475 (Fla. 3d DCA 1978). The insurer contends that because the multiple claims involved here arose out of a single act or omission of the insured attorney, the coverage would be limited to $100,000.
However, the record on appeal does not demonstrate whether the attorney committed one act or three acts of professional negligence. If the clients base their individual claims on a single act of professional negligence, then the attorney's insurance coverage would be limited to $100,000; if, on the other hand, there were three separate, unrelated acts of negligence, then the limit would increase to $300,000. See Pioneer Nat'l Title Ins. Co. v. Andrews, 652 F.2d 439 (5th Cir.1981). Accordingly, the case must be remanded to the trial court for this factual determination.
The second alleged ground for reversal is that the trial court erred in holding that the insurer was precluded from asserting the $100,000 limitation of coverage due to its alleged failure to comply with section 627.426, Florida Statutes (1987), which requires that the insurer notify the insured within thirty days of a claim for coverage if the insurer intends to deny coverage. Appellant contends, and we agree, that the statute is inapplicable here. The statute applies only when the insurer totally denies coverage. Cf. AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998 (Fla. 1989); United States Fidelity & *464 Guar. Co. v. American Fire & Indem. Co., 511 So.2d 624 (Fla. 5th DCA 1987). The insurer here never sought to deny coverage. Instead, it simply asserted that its contractual responsibility to indemnify the insured for his negligence was limited to $100,000.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.