548 So.2d 790 (1989)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Appellant,
v.
David S. GOLDMAN, Herbert J. Frank, and Aerosonic Corporation, Appellees.
No. 88-03341.
District Court of Appeal of Florida, Second District.
September 6, 1989.
Jeffrey P. Winkler of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellant.
John T. Blakely of Johnson, Blakely, Pope, Boker, Ruppel & Burns, P.A., Clearwater, for appellees.
*791 FRANK, Acting Chief Judge.
The National Union Fire Insurance Co. has appealed from the nonfinal order entered in a declaratory judgment proceeding granting a motion for summary judgment filed by David Goldman and Herbert J. Frank, who are directors and officers of Aerosonic Corporation. The conflict between National Union and Goldman/Frank arises from a Directors and Officers Liability and Corporation Reimbursement policy issued in 1983 to Aerosonic by National Union. The disputed order directs National Union to pay defense costs, as they are incurred, in a civil action in which Goldman and Frank are defendants. The trial court's order further determined that section 627.426(2), Florida Statutes (Supp. 1982) precluded National Union from raising coverage defenses. We reverse.
In 1983 National Union issued a directors and officers liability policy containing two sections  "Director and Officer Liability" and "Corporate Reimbursement." The former section provides that National Union will reimburse directors and officers only to the extent they are not indemnified by the corporate entity for "loss" occasioned by "wrongful acts" of the individuals while acting in their capacities as directors and officers of the corporate entity. The latter section provides for reimbursement of the corporate entity to the extent that it indemnifies its directors and officers for "loss" occasioned by "wrongful acts" of individuals acting as directors and officers.
After Aerosonic purchased the policy in 1983, identical lawsuits were initiated in California against Aerosonic, Goldman and Frank by the Securities Investors Protection Corporation and Randall A. Cain. The California plaintiffs sought compensatory and punitive damages for violations of the securities laws, aiding and abetting, RICO offenses, and fraud, and alleged that Goldman and Frank acted other than as directors and officers of Aerosonic. Goldman, Frank, and Aerosonic have denied liability in the California litigation.
In 1983, while the California litigation was still pending, Aerosonic, Goldman and Frank filed the present action against National Union. In an amended complaint they sought a declaration that National Union is obligated to reimburse the plaintiffs contemporaneously for expenses and costs incurred in defending the California litigation and that National Union may not deny coverage under the policy because it failed to comply with the Claims Administration Statute, section 627.426(2), Florida Statutes (Supp. 1982). National Union answered and asserted fifteen affirmative defenses, among them that no coverage existed because the directors were charged with securities violations and acts of dishonesty in their individual capacities rather than as officers and directors of the corporation.
The Claims Administration Statute imposes certain time requirements upon an insurer, which when not obeyed will foreclose the assertion of coverage defenses. For instance, within 30 days from the date when the insurer knows or should have known of a coverage defense, it must send the insured, by certified or registered mail, written notice of its right to assert a coverage defense. § 627.426(2)(a), Fla. Stat. Notice of refusal to defend the insured must be given by registered or certified mail either within 60 days of compliance with the foregoing requirement or receipt of the summons and complaint. § 627.426(2)(b)(1), Fla. Stat. The trial court held that National Union had failed to comply with the statute and accordingly struck the insurance company's affirmative defenses.
National Union has maintained throughout, however, that the plaintiffs are seeking coverage for a potential loss that is expressly excluded by the policy terms. The exclusions portion of the policy contains the following pertinent language:
The insurer shall not be liable to make any payment in connection with any claim made against the insured...
(e) brought about or contributed to by the dishonesty of the Insureds; however, notwithstanding the foregoing the Insureds shall be protected under the terms of this policy as to any claims upon which suit may be brought against them, by reason of any alleged dishonesty on *792 the part of the Insureds, unless a judgment or other final adjudication thereof adverse to the Insureds shall establish that acts of active or deliberate dishonesty committed by the Insureds with actual dishonest purpose and intent were material to the cause of action so adjudicated... .
Furthermore, as is noted above, the policy covers the directors and officers for wrongful acts or other matters "claimed against them solely by reason of their being such Directors or Officers of the Company."
The California litigants have pleaded that Goldman and Frank were acting in their individual capacities and that they committed acts of deliberate dishonesty. Thus, the asserted claim is based on actions completely outside the scope of the policy. The appellate courts of this state have been split on the issue of whether the insurer's noncompliance with the Claims Administration Statute in a case such as this  where the acts are simply not covered by the policy  could have the ultimate effect of forcing an insurance company to provide coverage where none had existed. Compare AIU Insurance Co. v. Block Marina Investment, Inc., 512 So.2d 1118 (Fla. 3d DCA 1987), with Country Manors Association, Inc. v. Master Antenna Systems, Inc., 534 So.2d 1187 (Fla. 4th DCA 1988). During the pendency of this appeal, however, the supreme court resolved this question in AIU Insurance Co. v. Block Marina Investment Co., 544 So.2d 998 (Fla. 1989):
We do not believe that the legislature intended, by the enactment of section 627.426(2), to give an insured coverage which is expressly excluded from the policy or to resurrect coverage under a policy or an endorsement which is no longer in effect, simply because an insurer fails to comply with the terms of the aforementioned statute... .
... Therefore, we hold that the term "coverage defense," as used in section 627.426(2), means a defense to coverage that otherwise exists. We do not construe the term to include a disclaimer of liability based on a complete lack of coverage for the loss sustained.
Based on the foregoing, the trial court's order must be reversed and on remand National Union's affirmative defenses must be reinstated.
National Union has also challenged the trial court's ruling that Goldman and Frank are entitled to contemporaneous payment for their expenditures in the California litigation. Although National Union's policy does not saddle the insurer with the duty or the right to conduct the insureds' defense, the definition of "loss" includes "damages, judgments, settlements, costs, charges and expenses ... incurred in the defense of actions, suits or proceedings, and appeals therefrom for which payment by the Company may be required or permitted... ." Because the California litigants have alleged that Goldman and Frank acted with dishonest purpose and in their individual capacities, substantial questions of fact remain before it can be determined whether National Union will be obliged to pay anything under the policy. Although the insurer is required to pay for a "loss," its obligation does not ripen into a duty to pay until the loss can be determined with certainty. Prior to judgment or settlement, "any claimed loss would be no more than speculation and guesswork." Zaborac v. American Casualty Co. of Reading, Pa., 663 F. Supp. 330, 332 (C.D.Ill. 1987). Some courts have required the contemporaneous payment of defense costs, subject to the policy's retention limits, as well as to reimbursement from the insureds should the officers and directors ultimately be found deliberately and actively dishonest. See Little v. MGIC Indemnity Corp., 649 F. Supp. 1460 (W.D.Pa. 1986), aff'd. 836 F.2d 789 (3rd Cir.1987); Pepsico, Inc. v. Continental Casualty Co., 640 F. Supp. 656 (S.D.N.Y. 1986). A very real risk exists, however, that the insurance company, here National Union, will be unable to recoup those losses, and will have advanced funds without any contractual obligation to do so. Because the contract is silent as to the timing of the payment of defense costs, and because the extent, if any, of the loss cannot be determined without *793 resolution of substantial factual issues, summary judgment was in error.
Reversed and remanded.
HALL and PARKER, JJ., concur.