PER CURIAM.
Kimberly Cade Henderson sued Charles Bucolo for perpetrating sexual assaults against her for a number of years in the home of his mother, Elizabeth De Silva Bucolo. The tortious acts began, allegedly, when Henderson was seven years of age. Henderson also sued Mrs. Bucolo, in the same action, for negligent supervision. By agreement of the parties, Consolidated American Insurance Co., Inc., which provided homeowners’ insurance to Elizabeth Bu-colo, was made a party defendant.
Consolidated raised defenses to the claim against Charles Bucolo on grounds that the policies excluded coverage for the intentional acts of an insured and that the several acts of abuse by Charles constituted a single continuous episode thus entitling *663 Henderson to recover, if at all, under only one of several policies owned by Mrs. Buco-lo.
At trial, in 1987, the court granted a summary judgment in favor of Bucolo, ruling that Consolidated had not timely asserted its coverage defense under section 627.-426(2), Florida Statutes (1985). While Consolidated’s appeal on the coverage issue was pending in the district court, Henderson’s claims were set for trial. The parties, however, were able to work out a settlement, agreement which included an initial and unconditional payment of $250,-000 with an additional $750,000 payment at stake depending on (1) how the coverage issue was resolved by the courts on appeal, and (2) whether Charles Bucolo’s conduct constituted a single occurrence or more than one occurrence as defined by the Consolidated policies. Although there is dispute as to the meaning of the stipulation which was made on the record, we find it clear and unambiguous:
[PLAINTIFF’S ATTORNEY]: Here is what we have done Judge. I’m just going to read this into the record. You can correct me if I’m wrong.
On behalf of both Defendants and all insurance companies, the settlement is $250,000 cash payable now. The parties will conclude the pending coverage issue. THE COURT: You mean it will be dismissed?
[PLAINTIFF’S ATTORNEY]: No, we will continue with it until conclusion, and if the summary judgment is reversed, then there will be a trial on defense of intentional act.
THE COURT: Wait a minute, I have kind of forgotten what the summary judgment was on.
[PLAINTIFF’S ATTORNEY]: Technically, what you did was enter summary judgment—
[CONSOLIDATED’S ATTORNEY]: Striking the—
[PLAINTIFF’S ATTORNEY]: —on coverage defenses so the stipulation is that we will proceed with the coverage appeal, and if the summary judgment is reversed, then we’ll have a trial on the defense of intentional act and a trial on whether it’s a per occurrence policy.
The second issue was subsequently adjudicated by a summary judgment entered April 6, 1988 which found that there was more than one occurrence under the facts of the case. A final judgment was entered awarding Henderson the additional $750,-000 plus costs.
In Consolidated Am. Ins. Co. v. Bucolo, 526 So.2d 147 (Fla.3d DCA 1988), we affirmed the summary judgment determining that the insurer had waived the coverage defense pursuant to the Claims Administration Act, section 627.426, Florida Statutes (1985), for failure to timely deny the existence of coverage, citing our opinion in AIU Ins. Co. v. Block Marina Inv., Inc., 512 So.2d 1118 (Fla. 3d DCA 1987). We denied Consolidated’s motions to stay and recall the mandate. The Florida supreme court accepted jurisdiction for further review. Consolidated also took an appeal from the trial court’s determination by summary judgment that each sexually abusive act of Charles Bucolo constituted a separate occurrence, which we also affirmed in Consolidated Am. Ins. Co. v. Henderson, 542 So.2d 1032 (Fla. 3d DCA 1989). No further review was sought from our affirmance on the “per occurrence” issue.
In AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998 (Fla.1989), the Supreme Court of Florida quashed our opinion, holding that an insurance company is not prohibited from denying coverage excluded under a comprehensive liability policy, notwithstanding its failure to timely notify the insured of its refusal to defend, where the loss is specifically excluded. On the authority of its opinion in the Block Marina case, our opinion in Consolidated Am. Ins. Co., upholding the trial court’s decision, was quashed and the cause remanded for further proceedings. Consolidated Am. Ins. Co. v. Bucolo, 543 So.2d 752 (Fla.1989).
On the basis of the supreme court decisions, Consolidated sought relief from the $750,000 judgment, pursuant to Florida *664 Rule of Civil Procedure 1.540(b)(5).[1] The trial court denied the motion on a waiver theory, holding that notwithstanding that review of the coverage issue was pending in a separate appeal, and that the judgment for $750,000 therefore should not have been entered, Consolidated should have challenged that part of the judgment when it sought review of the “per occurrence” determination. We reverse.
Affirmance of the trial court’s ruling and rationale would require us to treat the supreme court decision on the coverage question as an advisory opinion when no mootness argument was ever suggested to that court. It would also require us to find, implicitly, that the trial court had jurisdiction to adjudicate the coverage issue for the purpose of entering the $750,000 judgment while the issue was before this court for review. Finally, the trial court’s ruling, denying relief from the judgment on a waiver theory, may be sustained only if there is evidence in the record that Consolidated intentionally and voluntarily relinquished 'the right to appellate review of the coverage issue which it secured by the terms of the stipulated settlement.
There is no record evidence that Consolidated knowingly relinquished its right to contest the trial court’s determination on the coverage issue. In fact there is an on-the-record finding to the contrary made by the trial court:
THE COURT: Well, I am going to rule in the plaintiff’s favor, principally, for the reasons that I have indicated, that I think that you should have appealed that issue. That is really the only reason, because it is clear to me that this was not your intent, for whatever that is worth. I don’t think it was your intent to have it come out this way, but that’s the basis of my ruling, and you can take another appeal and see what happens.
An intent to relinquish a known right is an essential element of waiver. Masser v. London Operating Co., 106 Fla. 474, 145 So. 79 (1932); 22 Fla. Jur.2d Estoppel and Waiver § 89 (1980).
Consolidated’s failure to again appeal the coverage issue when it sought review in this court from the summary judgment determining that there was more than one occurrence, is not a bar to relief from the judgment. It was understood that the $750,000 judgment was subject to being vacated based on resolution of the coverage issue then pending in a separate appeal. Further, while that essential issue was pending on appeal, the trial court was divested of jurisdiction to make a final and unconditional disposition of the case. See Ferrara v. Belcher Indus., Inc., 483 So.2d 477 (Fla. 3d DCA 1986) (trial court was without jurisdiction to proceed where appellate court jurisdiction has been invoked to decide an issue that would be inherently disposed of by trial court judgment), rev. denied, 528 So.2d 1181 (Fla.1988); Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980) (same).
For the reasons stated in the preceding two paragraphs, the supreme court’s decision remanding the case for further proceedings was not an empty exercise. Accordingly, Consolidated was entitled to relief from the judgment.
Reversed and remanded.

. The court may relieve a party from a final judgment where "the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application.” Fla.R. Civ.P. 1.540(b)(5).