PER CURIAM.
Appellant, Blue Cross and Blue Shield of Florida, Inc., issued a health and accident policy to Terrance J. Lasek under which the insurer agreed to pay as benefits certain costs of medical care necessitated by the illness of, or injuries to, the insured. Benefits are expressly excluded as to injury resulting from an insured’s participation in a felony and from the insured’s being drunk. Under the claims processing provisions, the policy provides that the insurer:
*772 Has sixty (60) days to make a decision on your claim after we receive the claim....
The policy further provides that if the claim is not paid the insurer will give details in explanation.
The insured, Lasek, while drunk and driving, caused an accident in which he was injured and in which he caused a death for which he was ultimately convicted of a felony offense (manslaughter or vehicular homicide). For his injuries in the drunk driving accident, the insured Lasek received medical care from the appellee, Dr. Norbert L. Ming, to whom the insured assigned the insured’s rights to receive benefits under his health and accident policy with the appellant insurer. The doctor presented a claim to the insurer.
The insurer did not pay the claim or provide the insured with the agreed explanation within the 60 day period and ultimately utterly denied the claim based on the applicability of both exclusions mentioned above. The doctor sued the insurer which challenged the doctor’s standing to sue[1] and asserted the applicability of the exclusions. The trial court entered a summary judgment for the doctor and the insurer appeals.
This cause is reversed and remanded with directions to enter summary judgment for the insurer. Without considering the insured’s “standing defense” the facts relating to the insured’s injuries resulting from his drunk condition and felonious conduct are not in dispute and both exclusions obviously apply.
Apparently the decision below results from the failure of the insurer to make an explained denial during the 60 day period. This appears to mean that the policy has been interpreted as denying the insurer the right to defend a claim based on a coverage exclusion if the insurer fails to make an explained denial within the 60 day period and this interpretation is simply in error.
Insurance policies commonly provide that a claim is not payable for a stated period of time after a proper claim is made. The purpose of such a provision is to give the insurer an agreed period of time in which to investigate and determine the validity of the claim. The proper legal effect of such a “no action” clause is that the insurer cannot be sued for policy benefits until after the expiration of the “no-action” period of time. The expiration of this period of time is a condition precedent to the filing of an action on the policy. 18 Couch on Insurance 2d § 74:9 (Rev. ed.). The provision does not mean that the insurer cannot assert a defense when an action is brought after the “no-action” period.
No statute is asserted as affecting the result in this case.[2] However, it is interesting to note that section 627.426(2), Florida Statutes (1985) provides that a liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless the insurer performs certain acts within certain specified periods of time and even that statute is not interpreted to prevent an insurer from asserting a defense after the allotted time has expired. See United States Fidelity and Guaranty Company v. American Fire and Indemnity Company, 511 So.2d 624 (Fla. 5th DCA 1987), approved in A.I.U. Insurance Company v. Block Marina Investment, Inc., 544 So.2d 998 (Fla.1989) which also cites Crown Life Insurance Company v. McBride, 517 So.2d 660 (Fla.1987) for the general rule that, while the doctrine of estoppel may be used to prevent a forfeiture of insurance coverage, the doctrine may not be used to create or extend coverage. The doctrine of estoppel does not apply because the doctor did not provide medical care to the insured relying on any assurance from the insurer that the drunk and felonious participation exclusion *773 provisions in the policy did not apply to this claim. Neither did the doctor, to his detriment, delay pursuit of payment from his patient, the insured, in reliance on any such assurance from the insurer or because of the insurer’s delay in asserting the policy exclusions. See also Raymond v. Halifax Hospital Medical Center, 466 So.2d 253 (Fla. 5th DCA 1985).
REVERSED AND REMANDED.
COWART, GRIFFIN and DIAMANTIS, JJ., concur.

. Dr. Ming was a non-participating/non-contracting provider and the policy provided that if an insured received services from such a health care provider the insurer would pay benefits directly to the insured even if the insured assigned his benefits to such a non-participating/non-contracting health care provider.

. Section 627.613, Florida Statutes, effective June 14, 1990, but not applicable to this case, appears to legislate a time for payment of claims by health insurers.