773 So.2d 75 (2000)
PIONEER LIFE INSURANCE COMPANY, Appellant,
v.
Belva HEIDENFELDT, Appellee.
No. 2D99-151.
District Court of Appeal of Florida, Second District.
January 19, 2000.
Daniel J. Koleos of Luks, Koleos & Santaniello, P.A., Fort Lauderdale, and Jay S. *76 Blumenkopf, Jeannine Cline Jacobson and Kristina B. Pett of Proskauer Rose LLP, Boca Raton, for Appellant, Pioneer Life Insurance Company.
No Appearance for Appellee.
Stephanie W. Kanwit of Epstein Becker & Green, P.C., Washington, D.C.; and Jeffrey Gabardi of Health Insurance of American, Washington, D.C., Amicus Curiae.
STRINGER, Judge.
Pioneer Life Insurance ("Pioneer Life") appeals from a final judgment in favor of Belva Heidenfeldt. Pioneer Life asserts that the trial court incorrectly concluded that Pioneer Life was prohibited from denying insurance benefits due to its failure to comply with the notice requirements of section 627.613(2), Florida Statutes (1997). We agree and reverse.
On January 1, 1991, Pioneer Life issued a medicare supplement policy to Heidenfeldt. The policy covered Heidenfeldt for expenses incurred during confinement as a resident patient under skilled nursing care. On April 8, 1996, Heidenfeldt was admitted to Gulf Coast Nursing and Rehabilitation Center ("Gulf Coast") after suffering a right hip fracture. Medicare paid a portion of Heidenfeldt's medical costs. On October 7, 1996; January 28, 1997; and May 20, 1997, Gulf Coast submitted claims to Pioneer Life for the remaining portion totaling $24,380. Pioneer Life failed to respond to the claims within the 45-day time period required under section 627.613(2). In fact, Pioneer Life did not respond to the claims until August 6, 1997, approximately ten months after the first claim was submitted and two and one-half months after the last claim was submitted. On August 6, 1997, Pioneer Life sent a letter to Heidenfeldt denying coverage for the medical costs. In the letter, Pioneer Life stated that the care provided by Gulf Coast appeared to be nonskilled level care, which was not covered by the insurance policy.
Heidenfeldt filed a complaint against Pioneer Life seeking payment for the medical costs. Heidenfeldt then moved for summary judgment asserting that Pioneer Life was barred from denying coverage because it failed to comply with the 45-day notice requirement of section 627.613(2). The trial court agreed and entered a summary judgment against Pioneer Life as to liability. The trial court later entered a final judgment awarding Heidenfeldt $29,283.16 in damages.
This case requires us to determine whether the legislature intended that an insurance company's failure to comply with the 45-day notice requirement of section 627.613(2) prohibits the insurer from subsequently denying a claim on the basis that the benefits sought were expressly excluded from the insurance coverage. "[W]hen construing a statutory provision, legislative intent is the polestar that guides our inquiry and thus `when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction.'" McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)).
Section 627.613, Florida Statutes (1997), provides, in part:
(1) The contract shall include the following provision:
"Time of Payment of Claims: After receiving written proof of loss, the insurer will pay monthly all benefits then due for (type of benefit) . Benefits for any other loss covered by this policy will be paid as soon as the insurer receives proper written proof."
(2) Health insurers shall reimburse all claims or any portion of any claim from an insured or an insured's assignees, for payment under a health insurance policy, within 45 days after receipt of the claim by the health insurer. If a claim *77 or a portion of a claim is contested by the health insurer, the insured or the insured's assignees shall be notified, in writing, that the claim is contested or denied, within 45 days after receipt of the claim by the health insurer. The notice that a claim is contested shall identify the contested portion of the claim and the reasons for contesting the claim.
. . .
(6) All overdue payments shall bear simple interest at the rate of 10 percent per year.
Pioneer Life asserts that the only penalty the legislature intended an insurer to incur under section 627.613(2) for failing to comply with the notice requirements is the ten percent interest penalty imposed by subsection (6). We agree.
Pursuant to section 627.613(2), an insurer is required, within 45 days after receipt of a claim, to either reimburse the claim or notify the insured that the claim is contested or denied. Section 627.613(6) provides that all overdue payments will bear interest at the rate of ten percent. Thus, from a plain reading of the statute, it is clear that if an insurer fails to reimburse a claim or notify an insured that the claim is contested or denied within the 45-day time period, the insurer would be subject to the ten percent interest penalty. This appears to be the only penalty an insurer would be subject to under section 627.613.
This conclusion is supported by the Florida House of Representatives' Final Staff Analysis and Economic Impact Statement for the 1990 amendments to section 627.613. In the section related to direct private sector cost the statement reads, "This bill will increase expenses to insurers if they do not pay claims within 30 working days." See Staff of Fla. H.R. Comm. on Insurance, SB 970 (1990) Staff Analysis 3 (final June 19, 1990) (on file with comm.). Section 627.613 was subsequently amended in 1991 to increase the number of days insurers had to pay a claim to 45 days (calendar days). The language in the statement supports the conclusion that the legislature intended the ten percent interest provision of section 627.613(6) to be the only penalty, at least in regard to section 627.613, for an insurer's failure to pay or respond to an insured's claim within the statutory time limits.
We also note that the supreme court addressed a similar issue in AIU Insurance Co. v. Block Marina Investment, Inc., 544 So.2d 998 (Fla.1989). In AIU Insurance Co., the insurer advised the insured that it would provide a legal defense for the insured's claim although the claim was not covered under the parties' policy. See id. at 999. Two weeks prior to trial, the insurer informed the insured that it would not provide further defense because the claim was not covered by the policy. See id. The insurer's actions were in violation of section 627.426(2)(a), Florida Statutes (1985), which required the insurer to notify the insured of its decision not to defend within sixty days after its reservation letter and within thirty days before trial. See id.
The supreme court held that the insurer's failure to comply with the time requirements of section 627.426(2)(a) did not result in the insurer losing the right to refuse to cover the insured's defense where the coverage sought was expressly excluded or otherwise unavailable under the policy. See id. The supreme court reasoned that to rule otherwise would in effect "give insurance coverage to Block Marina ... at a time when the marina operator's legal liability endorsement had been eliminated from the policy and the contract of insurance expressly excluded such losses from coverage." Id.
Based on our reading of section 627.613, we hold that a failure to comply with the notice requirements of section 627.613(2) does not result in a forfeiture of an insurer's right to deny benefits when the benefits sought are excluded from the insurance coverage. As the supreme court *78 noted in AIU Insurance Co., to force coverage in this situation would in effect require an insurer to provide coverage for a risk it may never have agreed to undertake. See AIU Ins. Co., 544 So.2d at 999.
While we understand the trial court's disapproval of the actions of this insurer in delaying ten months before informing Heidenfeldt that her claim would be denied, the legislature did not intend section 627.613 to act as a bar to denying uncovered claims. We, however, point out that there are other penalties insurers may be subject to, outside the scope of section 627.613, if they fail to comply with the requirements of the statute.[1]
We, therefore, reverse the final judgment and remand this case for further proceedings consistent with this opinion.
Reversed and remanded.
THREADGILL, A.C.J., and ALTENBERND, J., Concur.
NOTES
[1] For example, Florida Administrative Code rule 4-142.011(9)(a)5 provides for penalties of up to $10,000 per violation for knowing and willful violations of section 627.613 and penalties of up to $2,000 per violation for non-willful violations.