789 So.2d 504 (2001)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Karen JONES, Appellee.
No. 1D00-3009.
District Court of Appeal of Florida, First District.
July 13, 2001.
*505 Tracey Scalfano Witt of Wilson, Harrell, Smith, Boles & Farrington, P.A., Pensacola, for Appellant.
David Lee Sellers, Pensacola, for Appellee.
DAVIS, J.
This is an appeal from county court in which the court certified the following question as one of great public importance:
IN AN ACTION TO RECOVER MEDICAL BENEFITS IN A LAWSUIT UNDER SECTION 627.736, FLORIDA STATUTES, WHERE THE ONLY DEFENSE BY AN INSURER IS THAT THE MEDICAL TREATMENT WAS NOT RELATED, NOT REASONABLE AND/OR NOT NECESSARY, MUST AN INSURER OBTAIN THE REPORT REQUIRED UNDER SECTION 627.736(7), FLORIDA STATUTES, CONSTITUTING "REASONABLE PROOF" WITHIN THIRTY (30) DAYS OF RECEIVING WRITTEN NOTICE OF THE FACT OF A COVERED LOSS AND OF THE AMOUNT OF SAME BEFORE IT CAN DEFEND ON THE BASIS THAT THE MEDICAL BILLS ARE NOT REASONABLE, NOT RELATED AND/OR NOT NECESSARY?
We answer the question in the negative and certify direct conflict with Perez v. State Farm Fire and Casualty Company, 746 So.2d 1123 (Fla. 3d DCA 1999), review granted, United Automobile Insurance Company v. Rodriguez, 767 So.2d 464 (Fla.2000).
Appellee, Karen Jones (Jones), was involved in an automobile accident on or about October 19, 1996. At the time of the accident, Jones had in full force and effect a policy of personal injury protection insurance with Appellant, State Farm Mutual Automobile Insurance Company (State Farm). In December 1996, Jones began treating with Gerald Chernekoff, a chiropractic physician with Bayou Chiropractic. Bayou Chiropractic referred Jones to Nu-Best Diagnostics for a motion x-ray of the cervical spine on January 13, 1998. State Farm received the bill for the cost of the x-ray ($650) on January 26, 1998. On or about February 5, 1998, State Farm sent the motion x-ray records to Joseph Costello, Jr., D.C., for his review and determination of medical necessity. State Farm did not receive an opinion from Dr. Costello until March 31, 1998, who indicated that the testing was not necessary. It is undisputed that the bill from Nu-Best diagnostics was not paid within thirty days of its receipt by State Farm, nor was a report obtained by State Farm within that thirtyday period.
Jones filed a complaint against State Farm, alleging that State Farm had failed to pay bills submitted by Nu-Best diagnostics which were incurred as a result of her automobile accident. She filed a motion for summary judgment based in part on the ground that State Farm failed to obtain its report within thirty days of notice of the loss and therefore, State Farm was without any defense as to the claim for payment of the Nu-Best diagnostics bill. The trial court entered a stipulated summary *506 final judgment in favor of Jones, certifying the question as stated above, which this court accepted as one of great public importance.
Section 627.736(4), Florida Statutes (Supp.1996), provides in part:
BENEFITS; WHEN DUE.Benefits due from an insurer under ss. 627.730-627.7405 shall be primary,....
(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer.
(c) All overdue payments shall bear simple interest at the rate of 10 percent per year.
Section 627.736(7), Florida Statutes (Supp. 1996), provides in part:
MENTAL AND PHYSICAL EXAMINATION OF INJURED PERSON; REPORTS.
(a) Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection insurance benefits, such person shall, upon the request of an insurer, submit to mental or physical examination by a physician or physicians.... An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection, unless the insurer first obtains a report by a physician licensed under the same chapter as the treating physician whose treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary.
In response to a substantially similar certified question, the Fourth District held:
We interpret section 627.736(4) to mean that if PIP benefits are payable, they are due within thirty days after notice. If the insurer has refused to pay the bill within thirty days and does not have reasonable proof to establish that it is not responsible, then the insurer is liable for ten percent interest when the bill is paid. Failing to obtain proof that it is not responsible for payment, however, does not deprive the insurer of its right to contest payment.
AIU Ins. Co. v. Daidone, 760 So.2d 1110, 1112-13 (Fla. 4th DCA 2000). The Fourth District reasoned that the thirty-day period only applied to benefits which were reasonable and necessary as a result of the accident. Id. at 1112. It concluded that if benefits were not actually due, they could not be overdue. Id. The Fourth District certified conflict with the Third District's opinion in Perez.
The Fifth District has also held that an insurer's failure to pay a claim without reasonable proof that it was not responsible for the bill exposes it to the statutory penalties of an overdue bill, but does not cause it to lose its right to contest the claim. Jones v. State Farm Mutual Auto. Ins. Co., 694 So.2d 165, 166 (Fla. 5th DCA 1997).
In conflict with these holdings, the Third District held in Perez that because the insurer did not obtain a report constituting reasonable proof that it was not responsible for the bills within thirty days of notice of the claim, it was responsible for the claim plus the accrued interest, and could not defend on the basis that the bills were not reasonable, not related and/or not necessary. *507 Perez, 746 So.2d at 1125-26. The Third District based its decision on the opinion of Fortune Insurance Company v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997), in which it stated:
the statutory language is clear and unambiguous. The insurance company has thirty days in which to verify the claim after receipt of an application for benefits. There is no provision in the statute to toll this time limitation. The burden is clearly upon the insurer to authenticate the claim within the statutory time period. To rule otherwise would render the recently enacted "no fault" insurance statute a "no-pay" plana result we are sure was not intended by the legislature.
Pacheco, 695 So.2d at 395 (emphasis in original) (quoting Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502, 502 (Fla. 1st DCA 1974)). The court in Pacheco also held that "once an insurer receives notice of a loss and medical expenses, it must pay within thirty days, unless pursuant to section 627.736(4)(b), it has obtained reasonable proof to believe that it is not responsible for the payment." Id. However, as noted by the Fourth District, both Dunmore and Pacheco are distinguishable, in that in both cases it was not disputed that benefits were owed. Daidone, 760 So.2d at 1112.
Except for section 627.736(8), Florida Statutes (Supp.1996), which provides for attorney's fees, section 627.736(4)(c), Florida Statutes (Supp.1996), is the only penalty specified by the legislature for an insurer failing to pay a claim or obtain reasonable proof that it is not responsible within thirty days of notice of the claim under section 627.736, Florida Statutes (Supp.1996). The plain language of section 627.736(4), Florida Statutes (Supp.1996), requires only that the insurer pay the claim within thirty days or have reasonable proof that the insurer is not responsible for payment; if an insurer refuses to pay or obtain reasonable proof, it is subject to ten percent interest on the payment and attorney's fees.
Buttressing the decisions of the Fourth and Fifth District, is the Second District's opinion in Pioneer Life Insurance v. Heidenfeldt, 773 So.2d 75 (Fla. 2d DCA 2000). In Heidenfeldt, the court held that section 627.613, Florida Statutes (1997), which is substantially similar to section 627.736(4), Florida Statutes (Supp.1996), subjects an insurer to a ten percent interest penalty if it does not timely reimburse an insured, but does not prohibit the insurer from defending the claim if it does not timely reimburse. Heidenfeldt, 773 So.2d at 77. Further, as cited by the court in Heidenfeldt, the Florida Supreme Court stated in AIU Insurance Company v. Block Marina Investment, Inc., 544 So.2d 998 (Fla.1989):
We do not believe that the legislature intended, by the enactment of section 627.426(2), to give an insured coverage which is expressly excluded from the policy or to resurrect coverage under a policy or an endorsement which is no longer in effect, simply because an insurer fails to comply with the terms of the aforementioned statute....
.... This Court recently reiterated the general rule that, while the doctrine of estoppel may be used to prevent a forfeiture of insurance coverage, the doctrine may not be used to create or extend coverage.
Block, 544 So.2d at 999-1000. Both of these decisions support the conclusion reached by the Fourth and Fifth Districts that an insurer's failure to obtain a written report within thirty days of receiving written notice of a loss does not preclude the insurer from defending on the basis that the medical bills are not reasonable, not related and/or not necessary.
*508 Accordingly, we align ourselves with the decisions of the Fourth and the Fifth District and answer the certified question in the negative. Because the issue is currently pending before the Florida Supreme Court, we certify conflict with the Third District's decision in Perez. We reverse the final summary judgment entered in favor of Jones, and remand for proceedings consistent with this opinion.
BARFIELD and LEWIS, JJ., concur.