MARSTILLER, J.
Appellant, Danny’s Backhoe Service, LLC (“Danny’s Backhoe”), appeals a final summary judgment declaring that Appel-lee, Auto Owners Insurance Company (“Auto Owners”), has no duty to defend Danny’s Backhoe in a tort suit brought by Appellee, Ring Power Corporation (“Ring Power”), for damage to its equipment, and that Auto Owners did not waive the right to deny coverage. Finding no error by the trial court in interpreting either the insurance contract or the pertinent statute, we affirm.
The relevant facts are not in dispute. Auto Owners issued Danny’s Backhoe an insurance policy providing, inter alia, commercial general liability (“CGL”) coverage and commercial inland marine (“CIM”) coverage for equipment. Ring Power is denoted an “additional insured — lessor of leased equipment” under the CGL portion of the policy. The CIM coverage insures equipment “described in the Declarations under Contractors Equipment.”
On February 8, 2011, Danny’s Backhoe rented a Caterpillar 307C Excavator from Ring Power to remove a customer’s in-ground swimming pool. During the removal, the excavator operator, Danny Smith, ruptured a propane gas tank, causing an explosion and fire that damaged the excavator. Ring Power subsequently sued Danny’s Backhoe claiming $68,437 in damages caused by Smith’s alleged negligence.
Before the accident, the only item listed in the insurance policy under “Contractors Equipment” for CIM coverage was a 2002 John Deere Backhoe. In addition, the policy sets forth the following relevant exclusions from CGL coverage:
2. Exclusions
This insurance does not apply to:
[[Image here]]
J. Damage To Property
“Property damage” to:
(1) Property you own, rent, occupy or use, including any cost or expense incurred by you or any other person, *510 organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another’s property;
(2) Property that any of your:
(a) “Employees”;
(b) “Volunteer workers”;
(c) Partners or members (if you are a partnership or joint venture); or
(d) Members (if you are a limited liability company)
own rent, occupy or use. However, this exclusion J.(2), shall not apply to your liability for damage to such property.
When Danny’s Backhoe filed a claim under the policy for the damaged excavator at issue in the Ring Power’s lawsuit, Auto Owners denied coverage and filed a declaratory judgment action alleging the excavator was not covered under the policy, and thus, Auto Owners had no duty to defend Danny’s Backhoe. Granting Auto Owners’ motion for summary judgment, the trial court found:
Since the equipment wasn’t added to the policy prior to the loss it isn’t covered and Auto-Owners has no duty to defend Danny’s or pay any damages, attorneys fees or costs on its behalf.... Exclusion 2 J(l) applies in cases where there is “Property damage to: 1) Property you own, rent, occupy or use ... [.]” It is clear from the record Danny’s rented the equipment and Danny’s is the insured under the policy.... Further, there is no ambiguity between exclusions 2 J(l) and 2 J(2).
In addition, the court concluded Auto Owners had not waived its right to deny coverage, finding that “[a] reservation of rights letter wasn’t necessary because this is clearly a ‘complete lack of coverage claim.’ ”
Appealing the summary judgment, Danny’s Backhoe argues the trial court incorrectly interpreted the insurance policy to exclude coverage for the leased excavator, and erred in concluding that Auto Owners did not waive the right to claim no coverage.[1] We conclude the plain and unambiguous policy language excludes the leased equipment, and that section 627.426(2), Florida Statutes, did not require Auto Owners to provide written notice of reserving its right to assert a coverage defense.
Under the plain language of the policy, CIM coverage extends only to items listed under “Contractors Equipment.” The sole item specified as of February 8, 2011, was a John Deere backhoe. Thus, the excavator was excluded from CIM coverage. As to CGL coverage, although Ring Power is an additional named insured, paragraph 2 J. (1) under CGL coverage exclusions unambiguously states that damage to “property you own [or] rent” is not covered. Thus, whether applied to Danny’s Backhoe or to Ring Power as the named insured, the excavator is excluded from CGL coverage. Danny’s Backhoe argues that paragraphs 2 J. (1) and 2 J. (2) create an ambiguity as to coverage that should operate in its favor. We disagree. Paragraph 2 J. (2) excludes coverage for damage to “Property that any of your (a) ‘Employees’; (b) ‘Volunteer Workers’; (c) Partners or Members (if you are a partnership or joint venture); or (d) Members (if you are a limited liability company) own, rent, occupy or use. How *511 ever, this exclusion J. (2), shall not apply to your liability for damage to such property.” (italics added.) It is clear in that paragraph 2 J. (1) excludes coverage for damage to property leased by the insured, while paragraph 2 J. (2) excludes coverage for damage to property leased by the insured’s employees, etc., unless the insured is liable for damage to that property. The two provisions are independent of each other, are entirely consistent with each other, and are not ambiguous.
Turning to whether Auto Owners waived its right to deny coverage, section 627.426, Florida Statutes, provides, in pertinent part:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery[.]
§ 627.426(2)(a), Fla. Stat. (2010). As the Florida Supreme Court explained in AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998 (Fla.1989), the notice requirement only applies where coverage exists under an insurance policy, but the insurer seeks to assert a coverage defense. “[T]he term ‘coverage defense,’ as used in section 627.426(2), means a defense to coverage that otherwise exists. We do not construe the term to include a disclaimer of liability based on a complete lack of coverage for the loss sustained.” Id. at 1000. Thus, “failure to comply with the requirements of the statute will not bar an insurer from disclaiming liability ... where the coverage sought is expressly excluded or otherwise unavailable under the policy[.]” Id. Here, Auto Owners claimed a “complete lack of coverage” based on express policy exclusions. Therefore, under Block Marina, failure to give Danny’s Backhoe written notice of reservation of rights did not preclude Auto Owners from denying coverage for the damaged excavator.
AFFIRMED.
CLARK and SWANSON, JJ., concur.

. We review the trial court’s interpretation of the policy and statute de novo. See Chandler v. Geico Indem. Co., 78 So.3d 1293, 1296 (Fla.2011) (insurance contract interpretation); J.M. v. Gargett, 101 So.3d 352, 356 (Fla.2012) (statutory interpretation).