BOOTH, Judge.
This cause is before us on review of a trial court’s order denying attorney fees to an insured that sued its insurer for damages resulting from the insurer’s failure to comply with the claims administration statute, Section 627.426(2), Florida Statutes (1987).
In 1983, one Grimes sued appellant for conversion, slander, and tortious interference with business relationships. The insurance carrier, appellee herein, asserted from the outset that some of the counts alleged intentional torts not covered by the policy. Consequently, appellee denied liability coverage for those counts, although it indicated that it would defend those counts along with other, covered counts. No “nonwaiver agreement” was signed by the parties, but the insurance counsel did undertake defense of the case. In announcing that it was denying coverage, ap-pellee did not send its notice by registered or certified mail as required by Section 627.426(2)(a), Florida Statutes, and did not obtain mutually agreeable, independent counsel to defend the suit or otherwise comply with the requirements of subsection (2)(b)(l — 3). Because appellant had objections to named counsel, it hired its own attorney to oversee the litigation. Ultimately, the case was tried to a favorable conclusion for appellant. Both attorneys, one hired by the appellant and one hired by appellee herein, participated in the trial, defending against Grimes' suit.
When appellant demanded that appellee pay its independently-retained attorney’s fees, appellee refused, and the instant litigation followed. The trial court found that appellant’s attorney fees were not the type of damages contemplated by the statute and that the statute did not authorize appellant to hire his own attorney at appel-lee’s expense.
Section 627.426, Florida Statutes (1987), makes no reference to attorney fees, the only express penalty for an insurer’s noncompliance being to preclude the insurer from denying coverage “based on a particular coverage defense.” In this case, the question of coverage defense does not arise since the verdict was for the defendant.
The trial court correctly observed in the order rendered below, that the insurer’s successful defense of the suit meant that no coverage issue remained. However, no implications should be taken from the ruling below or from this court’s decision regarding potential coverage had the liability suit concluded unsuccessfully for the defendant/appellant. The Fourth and Fifth Districts have specifically held that an insurer’s failure to comply with Section 627.-426, Florida Statutes, does not operate to create coverage where it otherwise would not exist. Country Manors v. Masters Antenna Systems, 534 So.2d 1187 (Fla. 4th DCA 1988) (policy exclusion); United States Fidelity and Guaranty Company v. American Fire and Indemnity Company, 511 So.2d 624 (Fla. 5th DCA 1987) (expired policy). Expressly approving the above-cited decisions, the Florida Supreme Court, in its recent opinion in AIU Insurance Company v. Block Marina Investment, Inc., 544 So.2d 998 (Fla.1989), held:
This Court recently reiterated the general rule that, while the doctrine of estop-pel may be used to prevent a forfeiture of insurance coverage, the doctrine may not be used to create or extend coverage. Crown Life Ins. Co. v. McBride, 517 So.2d 660 (Fla.1987). We do not believe that it was the legislature’s intent that section 627.426(2) change this long-stand *1180 ing rule. Further, construing the term “coverage defense” to include a disclaimer of liability based on an express coverage exclusion has the effect of rewriting an insurance policy when section 627.-426(2) is not complied with, thus placing upon the insurer a financial burden which it specifically declined to accept. Such a construction presents grave constitutional questions, the impairment of contracts and the taking of property without due process of law. Therefore, we hold that the term “coverage defense,” as used in section 627.426(2), means a defense to coverage that otherwise exists.
Accordingly, we hold that the trial court did not err in denying appellant the relief requested, and the order below is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.