701 So.2d 904 (1997)
AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY, Appellant,
v.
GOLD COAST ELEVATOR, INC., a Florida corporation; Sharon Joslyn; Waldorff Insurance & Bonding, Inc., a Florida corporation, Appellee.
No. 96-1059.
District Court of Appeal of Florida, Fourth District.
November 26, 1997.
*905 Clark J. Cochran, Jr. of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for appellant.
Timothy P. Beavers of McFann & Beavers, P.A., Fort Lauderdale, and R. Fred Lewis of Kuvin, Lewis, Restani & Stettin, P.A., Miami, for AppelleesGold Coast Elevator, Inc. and Sharon Joslyn, for appellee.

ON MOTION FOR REHEARING
KLEIN, Judge.
We withdraw our previously filed opinion and substitute the following.
This appeal arises out of an elevator accident in which the insurer purported to provide a defense under reservation of rights, because of late notice. We affirm a summary judgment in favor of the insured, holding that the insurer violated the insurance claims administration statute because it did not retain independent counsel which was "mutually agreeable" to the insured.
Appellee plaintiff, Sharon Joslyn, was injured in an elevator accident in October of 1990. She sued Gold Coast Elevator, Inc. in January of 1992 alleging that it negligently maintained the elevator. A default judgment was entered against Gold Coast in March of 1992 because it did not respond to the complaint.
There is a factual dispute as to when Gold Coast, the insured, notified American Empire, the insurer, and it may not have been until 1993. Within two weeks after being faxed a copy of the summons and complaint in 1993, the insurer sent the insured a letter advising the insured that it was reserving the right to decline coverage based on the insured's failure to provide timely notice of the suit, but that the insurer would seek to have the default judgment set aside. The insurer retained counsel for Gold Coast, but his motion to set aside the default was denied, and that order was affirmed on appeal.
The insurer filed this suit seeking declaratory relief as to whether there was coverage, in light of the lack of notice, and while that action was pending, the insured entered into a settlement with the injured plaintiff in which it agreed to the entry of a judgment against it. The insured assigned the injured plaintiff any rights it had against the insurer.
The insured moved for summary judgment, arguing that when the insurer retained counsel to defend it in the personal injury case, it violated section 627.426(2), Florida Statutes (1993) of the insurance claims administration statute, which provides:
(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured.

*906 2. Obtains from the insured a nonwaiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or
3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court. (emphasis supplied).
The insurer did not refuse to defend or obtain a non-waiver agreement, but rather retained counsel to represent the insured. The insured argues, however, that the counsel did not satisfy the "mutually agreeable" requirement of the statute.
After receiving a copy of the injured plaintiff's complaint in 1993, the insurer retained a law firm to defend the insured, and a lawyer in that firm sent a letter to the insured advising that he had been retained by the insurer to represent the insured. The insured was not informed of its right to have mutually agreeable counsel, was not asked whether this counsel was acceptable, and was not consulted in any way regarding the selection of counsel.
The insurer argues that it was incumbent on the insured to raise an objection, and because the insured did not object, the insured cannot now claim that counsel was not mutually agreeable. We do not agree.
Under the statute the insurer was required to retain mutually agreeable counsel within 60 days of giving notice of its reservation of rights to assert a coverage defense. If the insurer were correct that the counsel can become mutually agreeable if the insured does not object, at what point in time does that occur? If an insurer were to retain counsel on the last day of the 60 day statutory period, clearly that counsel does not become mutually agreeable when the insured fails to object on that same day. If counsel were to become mutually agreeable, by virtue of lack of objection, sometime after that, it would not meet the 60 day requirement.
We find the language of the statute to be clear, and that unilateral retention of counsel by the insurer, which was the very antithesis of a mutual selection, did not comply. We therefore affirm the summary judgment determining that the insurer cannot deny coverage because it violated the statute. See Auto Owners Ins. Co. v. Salvia, 472 So.2d 486 (Fla. 5th DCA 1985).
We now turn to the consent judgment. The insurer first argues that the insured was not entitled to enter into a settlement with the injured plaintiff because the insurer was defending under a reservation of rights. The insurer relies on a provision of the policy prohibiting the insured from entering into a settlement without the consent of the insurer.
It is well established that where an insurer wrongfully refuses to defend, the insured is entitled to make a reasonable settlement, even though the policy purports to avoid liability for a settlement made without the insurer's consent. Steil v. Florida Physicians' Ins. Reciprocal, 448 So.2d 589 (Fla. 2d DCA 1984), and cases cited therein. In the present case, the insurer attempted to defend under a reservation of rights, but violated the statute that insurers must follow when they are defending in that manner. What the insurer did here, in our opinion, is analogous to a wrongful refusal to defend, and the rationale of Steil is applicable. Accordingly, the fact that the insured entered into the settlement does not void the coverage.
In our original opinion, we concluded that issues of fact remained as to the reasonableness of the amount of the settlement; however, on rehearing we have determined that our initial conclusion was incorrect. We therefore affirm the summary judgment in all respects.
GLICKSTEIN and FARMER, JJ., concur.