TRAVELERS INDEMNITY
COMPANY OF ILLINOIS,
Plaintiff,

v.

ROYAL OAK ENTERPRISES, INC., a foreign corporation; Dan Swearingen, an individual; and John V. Tilton, Sr., as Personal Representative of the Estate of John V. Tilton Jr., deceased, Defendants.

No. 5:02 CV 58 OC 10GRJ.

United States District Court,
M.D. Florida,
Ocala Division.

Jan. 21, 2004.

Order Denying Reconsideration
March 10, 2004.

Sina Bahadoran, Andrew Edward Grigsby, Hinshaw & Culbertson LLP, Miami, FL, for Plaintiff.

Daniel James King, Barry Goheen, King & Spalding, Atlanta, GA, Jona J. Miller, King & Spalding, Sarasota, FL, William Harper Phelan, Jr., Bond, Arnett, Phelan, Smith & Craggs, P.A., Ocala, FL, for Defendants.

## ORDER

HODGES, District Judge.

This insurance contract coverage dispute is before the Court for consideration of Plaintiff Travelers Indemnity Company of Illinois' motion to dismiss Defendant Royal Oak Enterprises, Inc.'s amended counterclaim (Doc. 129), to which Royal Oak has responded (Doc. 137). The amended counterclaim (Doc. 120) contains numerous counts, including claims for declaratory relief, bad faith refusal to settle, breach of contract and breach of fiduciary duty. Upon due consideration, Travelers' motion is due to be granted in part and denied in part.

### Background and Facts

This action arises out of a tragic incident that occurred in Ocala, Florida in 1998 at a processing plant owned and operated by

Defendant Royal Oak, a manufacturer of charcoal briquettes. At that time, decedent John V. Tilton, Jr. was employed by Royal Oak as a furnace helper in its Ocala facility. As a furnace helper, Tilton's duties included working in and near the electrical panel of the facility's hammer mill, a machine that grinds charred wood into dust for the manufacture of charcoal briquettes. On August 30, 1998, John V. Tilton, Jr. inadvertently came into contact with the electrical panel of the hammer mill, which resulted in his electrocution and his death.

At the time of the incident causing Tilton's death, Royal Oak was insured by Travelers under three policies: (1) Commercial General Liability Policy; (2) Workers Compensation and Employers Liability Policy; and (3) Commercial Excess Liability Insurance Policy (Umbrella Policy). In July 2000, John V. Tilton, Sr., as personal representative of the estate of John V. Tilton, Jr., brought a wrongful death action in Circuit Court in Marion County, Florida against Royal Oak and Dan Swearingen, Royal Oak's Area Vice President. The wrongful death complaint was initially framed in one count alleging negligence. Pursuant to its obligations under the policies, Travelers undertook the defense of the wrongful death action and appointed the law firm of Weiner & Argo, P.A. as counsel for the defendants.

On November 1, 2000, the Tilton estate mailed Weiner & Argo a "Proposal for Settlement" in which it offered to settle its claims for $750,000.00, an amount within the limits of coverage under the Travelers policies. Royal Oak contends that Weiner & Argo and Travelers failed to notify Royal Oak's upper management or legal staff of the settlement offer. However, Royal Oak admits that Weiner & Argo sent Mr. Swearingen and another employee at the Ocala facility a copy of the offer. According to Royal Oak, in February of 2001, while the settlement offer was still pending, the Tilton estate notified Travelers of its intent to move for leave to amend its complaint to add claim for "Intentional Tortious Conduct" and punitive damages based on allegations that the defendants' conduct was "substantially certain to cause injury or death." Under Florida law, negligence actions brought by an employee (or his estate) against an employer for injuries sustained during the course of employment are barred by workers' compensation immunity.[1] However, intentional torts, including allegations that the employer engaged in conduct "substantially certain to result in injury or death," do not fall within workers' compensation immunity.[2] Travelers ultimately rejected the offer and, according to Royal Oak, never communicated its rejection to Royal Oak.

In August of 2001, the Tilton estate moved for leave to amend its complaint to assert the additional intentional tort count.[3] At that time, Travelers sent Royal Oak and Mr. Swearingen a "Reservation of Rights Letter" informing the defendants that it would continue to defend the action under a reservation of its rights to later dispute coverage. Royal Oak retained its own counsel the following month.

On March 1, 2002, Travelers initiated this action for declaratory judgment against Royal Oak, Dan Swearingen and the Tilton estate. In its amended complaint (Doc. 32) Travelers seeks a declaration that no covered claims are alleged in the underlying state litigation and that no coverage exists for punitive damages as a

1. § 440.11, Fla. Stat.

2. *Turner v. PCR, Inc.*, 754 So.2d 683 (Fla. 2000).

3. The trial court granted the motion and the complaint was deemed amended in January of 2002.

matter of law. Travelers' position in this suit is that the allegation of intentional tortious conduct in the state court action places the claim outside the coverage definition of an "occurrence" because an intentional tort is not an accident and is therefore subject to exclusion under the insurance policies. Travelers further maintains that coverage for intentional tortious conduct is excluded as injury "intentionally caused or aggravated" by the insured and that the negligence claim falls within workers' compensation immunity and is excluded by the insurance policies for that reason as well. In July of 2002, during the pendency of this action, the parties agreed to settle the claims in the Tilton litigation for $750,000.00. Travelers paid the settlement,[4] and the Tilton litigation was dismissed in September of 2002.

On October 22, 2003, Royal Oak filed its amended counterclaim (Doc. 120), which contains the following thirteen counts: (1) Declaration as to Right to Coverage Under Workers' Compensation Insurance Potion of Workers Comp Policy; (2) Declaration as to Right to Coverage under Employers Liability Insurance Portion of Workers Comp Policy; (3) Declaration as to Right to Royal Oak's Coverage Under Umbrella Policy; (4) Declaration as to Royal Oak's Right to Coverage Under the Policies for any Punitive Damages Assessed Against Royal Oak in the Tilton Litigation; (5) Declaration as to Royal Oak's Right to Payment of Fees of its Separate Independent Counsel in the Tilton Litigation Due to Royal Oak's and Travelers' Conflicting Interest; (6) Negligent Refusal to Settle; (7) Common Law Bad Faith Refusal to Settle; (8) Statutory Bad Faith Refusal to Settle; (9) Breach of Duty to Obtain Mutually Agreeable Counsel; (10) Breach of Contract: Breach of Duty to Defend by Failing to Obtain Mutually Agreeable Counsel; (11) Breach of Contract: Breach of Duty to Defend by Providing Inadequate Defense; (12) Tortious Breach of Contract: Breach of Implied Duty of Good Faith and Fair Dealing; and (13) Breach of Fiduciary Duty.

### Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[5] Thus, if a Complaint "shows that the Plaintiff is entitled to *any* relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[6] As the Supreme Court declared in *Conley v. Gibson,* a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[7] The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[8] Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[9] However, "while notice plead-

---

4. Apparently, the parties reached an agreement purporting to reserve their rights to continue to litigate the coverage dispute and to "recover monies paid in the settlement or defense of the Tilton action in conformance with the court's ultimate determination of the coverage issues. ..." Doc. 32, exh. F.

5. *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.* 400 F.2d 465, 471 (5th Cir.1968).

6. *Dotschay v. Nat. Mut. Ins. Co.,* 246 F.2d 221 (5th Cir.1957).

7. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Cook & Nichol, Inc. v. The Plimsoll Club,* 451 F.2d 505 (5th Cir.1971).

8. *Conley,* 355 U.S. at 47, 78 S.Ct. 99.

9. *Id.*

ing may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[10] Merely labeling claims will not be sufficient to survive a motion to dismiss.[11]

## Discussion

### A. Choice of Law

A court which sits in diversity jurisdiction must apply the choice of law rules of the forum state.[12] The Eleventh Circuit has held that the Florida Supreme Court would probably follow the "significant relationship" approach of § 193 of the Restatement Second of Conflicts of Law[13] in cases, such as this, involving insurance on real property where the policy is silent as to choice of law.[14] Section 193 "encourages application of the local law of the state in which the insured risk is located."[15] In this case, the insured risk—i.e., the Ocala facility—is located in Florida. Accordingly, this Court finds that the law of Florida governs.

### B. Motion to Dismiss

The claims asserted by Royal Oak in its amended counterclaim (Doc. 120) fall into four categories. Counts one through five are claims seeking a declaration of various rights under the insurance policies. Counts six through eight relate to Travelers' refusal to settle when the first proposal of settlement was offered. Counts nine through eleven are breach of contract claims. Counts twelve and thirteen are tort claims. The Plaintiff moves to dismiss each of the thirteen counts. The Court will consider each claim in turn.

#### 1. Declaratory Actions

The motion is due to be denied with respect to the dismissal of counts one, two and three. That these counts duplicate Travelers' request for declaratory relief does not warrant their dismissal. Count four appears to state a controversy between the parties concerning whether the Tilton settlement consisted in part of punitive damages. Royal Oak believes that Travelers intends to argue that a portion of the settlement was for punitive damages and cannot be indemnified under Florida law.[16] Thus, count four also states a controversy entitling Royal Oak to pursue declaratory relief.

10. *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001) (quotations omitted).

11. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996).

12. *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir.1997); *Bituminous Cas. Corp. v. Advanced Adhesive Tech., Inc.*, 73 F.3d 335, 337 (11th Cir.1996).

13. Section 193 of the Restatement Second of Conflicts of Law states:

The validity of a contract for fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless

with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

14. *LaFarge Corp.*, 118 F.3d at 1515–16; *Shapiro v. Associated Intern. Ins. Co.*, 899 F.2d 1116, 1118–21 (11th Cir.1990). This is so even where the policy covers risks on real property in more that one state.

15. *Shapiro*, 899 F.2d at 1120.

16. *See U.S. Concrete Pipe Co. v. Bould*, 437 So.2d 1061, 1064 (Fla.1983); *Queen v. Clearwater Elec. Inc.*, 555 So.2d 1262 (Fla. 2d DCA 1989).

In count five, Royal Oak seeks a declaration as to whether Travelers "must pay the fees of Royal Oak's separate independent counsel that represented Royal Oak in the Tilton Litigation." [17] Royal Oak contends that Travelers was obligated to provide mutually agreeable independent counsel when conflicts of interest arose between it and Travelers during the defense of the Tilton litigation. This count is identical to count eleven, which asserts a breach of the contractual duty to defend based on the same allegations. Count five is therefore subsumed into count eleven.

### 2. Refusal to Settle

Royal Oak's bad faith refusal to settle claims are premised on three theories of recovery—negligence, common law bad faith and statutory bad faith. Royal Oak maintains that Travelers acted in bad faith by refusing to settle the Tilton litigation when the Tilton estate first proposed settlement. It claims that had the settlement been reached at that time it would have been spared the expenses incurred in continuing to defend the action. It therefore seeks attorneys' fees and costs incurred in its defense of the Tilton litigation, as well as punitive damages.

The refusal to settle claims are due to be dismissed as Royal Oak "can prove no set of facts in support of [its] claim that would entitle [it] to relief." [18] The duty of good faith requires that the insurer "investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." [19] At the time of the settlement offer the Tilton estate's action suffered from a serious flaw—it consisted of only a negligence claim and was therefore barred by workers' compensation immunity.[20] As a matter of law, Travelers could not have acted negligently [21] or in bad faith by refusing to settle a claim against which the insured had a valid defense. Accordingly, the facts as alleged in Royal Oak's complaint, taken as true, do not constitute a claim for negligent or bad faith refusal to settle, and counts six, seven and eight are due to be dismissed.

### 3. Breach of Contract

In counts nine and ten Royal Oak claims that Travelers breached its duty to provide mutually agreeable counsel. Royal Oak asserts that § 627.426(2), Florida

---

**17.** Doc. 120, ¶ 109.

**18.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**19.** *Boston Old Colony Ins. Co. v. Gutierrez,* 386 So.2d 783, 785 (Fla.1980). A statutory bad faith refusal to settle claim imposes the same standard. Under § 624.155(1)(b)1 an insurer may be held liable for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests."

**20.** § 440.11, Fla. Stat. (2002). This immunity would also extend to Mr. Swearingen as Royal Oak's area Vice President.

**21.** Under Florida law, refusal to settle claims must be premised on bad faith, not negligence. For this reason alone, Royal Oak's negligent refusal to settle claim fails. *Auto Mut. Indem. Co. v. Shaw,* 134 Fla. 815, 184 So. 852, 859 (1938); *Campbell v. Gov't Employees Ins. Co.,* 306 So.2d 525, 530 (Fla. 1975); *Boston Old Colony Ins. Co. v. Gutierrez,* 386 So.2d 783, 785 (Fla.1980); *King v. Nat'l Sec. Fire & Cas. Co.,* 656 So.2d 1338, 1339 (Fla. 4th DCA 1995); *DeLaune v. Liberty Mut. Ins. Co.,* 314 So.2d 601, 602 (Fla. 4th DCA 1975); *Thomas v. Lumbermens Mut. Cas. Co.,* 424 So.2d 36, 38 (Fla. 3d DCA 1983).

Statutes, creates a duty on the part of an Insurer to obtain mutually agreeable counsel for the insured in the event of a coverage dispute. Section 627.426(2) reads in pertinent part:

A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:

(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a defense is given to the named insured...; and

(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:

1. Gives written notice to the named insured ... of its refusal to defend the insured;

2. Obtains from the insured a non-waiver agreement...; or

3. Retains independent counsel which is mutually agreeable to the parties....

Contrary to Royal Oak's assertion, this statute does not create a duty to provide mutually agreeable counsel. First, the statute is implicated only when the insurer raises a "coverage defense," defined by the Florida Supreme Court as "a defense to coverage that otherwise exists." [22] So defined, a "coverage defense" does not include a disclaimer of liability based on an express coverage exclusion in the policy. [23] Second, the only penalty for noncompliance provided for in the statute is that the insurer is precluded from denying coverage "based on a particular coverage defense." [24] It does not provide that the insurer's failure to obtain mutually agreeable counsel in the event of a coverage dispute entitles the insured to recover the fees and costs of its separately retained counsel. Accordingly, § 627.426(2) cannot serve as a basis for imposing a duty on Travelers to obtain mutually agreeable counsel for Royal Oak. [25]

Count eleven alleges that Travelers breached its contractual duty to defend by failing to provide an adequate defense. The duty to defend is distinct from, and broader than, the duty to indemnify. [26] Absent an express statutory or contractual duty to defend, there is no such duty. [27] Whether the duty to defend arises depends solely on the allegations contained in the complaint against the insured. [28] If the complaint alleges covered

---

**22.** *AIU Ins. Co. v. Block Marina Invest., Inc.,* 544 So.2d 998, 1000 (Fla.1989).

**23.** *Id.* A coverage defense would include, for example, a denial of coverage based on the insured's failure to comply with claim notification provisions in the policy. That was precisely the situation in *Am. Empire Surplus Lines Ins. Co. v. Gold Coast Elevator, Inc.,* 701 So.2d 904 (Fla. 4th DCA 1997), on which Royal Oak misplaces its reliance.

**24.** *Fans & Stoves of Jacksonville, Inc. v. Aetna Cas. & Surety Co.,* 549 So.2d 1178, 1179 (Fla. 1st DCA 1989).

**25.** To the extent that count ten alleges a contractual duty to provide mutually agreeable independent counsel it is subsumed into count eleven, which asserts a claim for breach of the contractual duty to defend. Royal Oak has pointed out no authority, and this Court has found none, holding that there exists a contractual duty to provide mutually agreeable independent counsel. It appears instead that, under certain circumstances, such an obligation may be a facet of the duty to defend.

**26.** *Allstate Ins. Co. v. RJT Enter., Inc.,* 692 So.2d 142, 144 (Fla.1997).

**27.** *Id.*

**28.** *Trizec Prop., Inc. v. Biltmore Constr. Co.,* 767 F.2d 810, 811 (11th Cir.1985) (applying Florida law).

and non-covered claims, the insurer's duty to defend is triggered and obligates the insurer to defend the entire suit.[29] To satisfy its duty to defend, the insurer must provide an adequate defense.[30] If the insurer acts negligently in carrying out its duty to defend, its conduct constitutes a breach of contract, entitling the insured to recover all damages naturally flowing from the breach.[31]

 Royal Oak maintains that Travelers breached this duty in several ways. First, Weiner & Argo, P.A., the law firm retained by Travelers to defend Royal Oak, failed to provide an adequate defense by failing to inform Royal Oak of the settlement proposal in a timely manner. Second, Travelers breached its duty to defend by failing to provide mutually agreeable independent counsel to Royal Oak when a conflict of interest arose. A conflict arose, according to Royal Oak, when the Tilton complaint was amended to assert covered (negligence) and, arguably, non-covered (intentional tort and punitive damages) claims, prompting Travelers to reserve its rights to later dispute coverage. These allegations are sufficient to meet the exceedingly low threshold of sufficiency required to survive a motion to dismiss.[32]

### 4. Tort Claims

 In count twelve Royal Oak asserts a claim for "Tortious Breach of Contract: Breach of Implied Duty of Good Faith and Fair Dealing." Similarly, Royal Oak asserts in count thirteen a claim for "Breach of Fiduciary Duty." These counts are barred by Florida's economic loss rule, which states that a party may not pursue a claim in tort solely for economic losses unless the party breaching the contract has committed a tort which is distinguishable from or independent of the breach of contract.[33] The allegations in counts twelve and thirteen are virtually identical to those in the breach of contract claims. The only difference is that counts twelve and thirteen assert that Travelers' breach of contract was willful, wanton, malicious, ... etc., and include a prayer for punitive damages. Accordingly, counts twelve and thirteen are due to be dismissed.

### Conclusion

Accordingly, upon due consideration, it is ordered that Travelers' motion to dismiss the amended counterclaim (Doc. 129) is GRANTED in part and DENIED in part, and counts five, six, seven, eight, nine, ten, twelve and thirteen are dismissed. Counts one, two, three, four and eleven remain.

IT IS SO ORDERED.

### *ORDER ON RECONSIDERATION*

This case is before the Court for consideration of Defendant Royal Oak Enterpris-

---

**29.** *Id.*

**30.** *Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n,* 483 So.2d 513, 516 (Fla. 3d DCA 1986).

**31.** *Id.*

**32.** *Covad Communications Co. v. BellSouth Corp.,* 299 F.3d 1272, 1279 (11th Cir.2002). The Court pauses to note that a reservation of rights, by itself, is not a breach of the contractual duty to defend. *Giffen Roofing Co. v. DHS Developers, Inc.,* 442 So.2d 396, 397 (Fla. 5th DCA 1983). Further, the failure to provide mutually agreeable independent counsel, without more, is also not a breach of the duty to defend. However, allegations that an insurer failed to provide mutually agreeable independent counsel when a conflict of interest arose during the defense of an insured are sufficient for purposes of a motion to dismiss.

**33.** *Fla. Power & Light Co. v. Westinghouse Elec. Corp.,* 510 So.2d 899 (Fla.1987); *Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.,* 208 F.Supp.2d 1310, 1315–18 (S.D.Fla. 2002).

es, Inc.'s motion for reconsideration (Doc. 144) of this Court's Order (Doc. 140) dismissing the Defendant's statutory and common law bad faith refusal to settle counterclaims, counts seven and eight (Doc. 120). The Defendant also moves in the alternative for leave to amend its first amended counterclaim. The Defendant has filed a memorandum of law in support of its motions (Doc. 145), and the Plaintiff has responded (Doc. 149). Upon due consideration, the Defendant's motion for reconsideration (Doc. 144) is DENIED. Further, as amendment would not cure the deficiencies in counts seven and eight, the Defendant's motion for leave to amend its first amended counterclaim (Doc. 144) is also DENIED.[1]

IT IS SO ORDERED.

---

**1.** *Thomas v. Town of Davie,* 847 F.2d 771, 774–75 (11th Cir.1988).