[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14295
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cv-00972-ACC-TBS

DOMINICK LANDOLFI,

Plaintiff-Appellant,

versus

CITY OF MELBOURNE, FLORIDA,

Defendant-Appellee,

PAUL FORSBERG, etc.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 5, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Dominick Landolfi, a reservist with the United States Air Force, appeals the district court's grant of the City of Melbourne, Florida's ("Melbourne") motion for summary judgment as to his complaint alleging discrimination based upon his membership in the Air Force under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311(a).  Landolfi alleged that the City of Melbourne Fire Department ("Fire Department") discriminated against him by failing to promote him to Battalion Chief in 2006, 2008, and 2010.  Likewise, he alleged that the Fire Department discriminated against him by failing to promote him to Assistant Chief of Administration in 2010.  The district court concluded that Landolfi presented sufficient evidence to create a factual question as to whether his military service motivated the Fire Department's decisions not to promote him, but granted summary judgment on the basis that Melbourne established that the Fire Department would not have promoted him absent such motivation.

On appeal, Landolfi argues that he established pretext by demonstrating that the Fire Department's justifications for its promotion decisions shifted from the time of the promotions to the time of litigation, and by creating a credibility issue by presenting evidence that some of Paul Forsberg's, the relevant decision-maker, factual accounts were false.  Ultimately, Landolfi argues that he was the most qualified applicant for the promotions.  Melbourne defends the district court's

2

judgment, in part, by arguing that Landolfi presented insufficient evidence that his military service motivated the Fire Department's promotion decisions. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Brooks v. Cnty. Comm'n of Jefferson Cnty., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate if the movant shows that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. Brooks, 446 F.3d at 1162; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). Where it bears the burden of proof at trial, the movant must affirmatively show the absence of a genuine issue of material fact, and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case. See Fitzpatrick, 2 F.3d at 1115.

If the moving party meets its initial burden, the non-movant then bears the responsibility to demonstrate the existence of a genuine issue of material fact. Id. at 1116. Where the non-moving party bears the burden of proof, it must make a sufficient showing on each essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In the instance in which it does not bear the

3

burden of proof, the non-movant may avoid summary judgment by presenting evidence that is sufficient to call into question the inference created by the movant's evidence on a particular material fact.  Fitzpatrick, 2 F.3d at 1116.

Under USERRA, a person who is a member of, or has an obligation to perform service in, a uniformed service may not be denied a promotion on the basis of his membership or obligation.  38 U.S.C. § 4311(a).  An employer, therefore, violates USERRA where the individual's membership or obligation for service in the uniformed services is a motivating factor in the employer's failure to promote the individual, unless the employer proves that it would not have promoted the individual absent the individual's membership or obligation.  See id. § 4311(c)(1).

Section 4311 requires proof of a discriminatory motive, and we employ the so called "but for" test.  Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005).  In order to establish a prima facie case of discrimination, the plaintiff must demonstrate by a preponderance of the evidence that his military membership or obligation was a motivating factor in the employer's decision.  See id.  A motivating factor does not necessarily have to be the sole cause for the employer's decision, but is defined as one of the factors that a truthful employer would list as its reasons for its decision.  See id.  A plaintiff's military status is a motivating factor where the employer relied upon, took into account, considered,

4

or conditioned its decision on that consideration. Id. A court can infer a discriminatory motivation from a variety of considerations, such as: (1) the temporal proximity between the plaintiff's military activity and the adverse employment action; (2) inconsistencies between the proffered reason for the employer's decision and other actions of the employer; (3) an employer's expressed hostility towards members of the protected class combined with its knowledge of the plaintiff's military activity; and (4) disparate treatment of similarly situated employees. See id. Once the plaintiff meets his prima facie burden, the employer may establish an affirmative defense by proving by a preponderance of the evidence that legitimate reasons, standing alone, would have induced it to take the same adverse action. Id. at 1238-39.

A plaintiff may establish pretext indirectly by showing that an employer's proffered reason for its decision is unworthy of credence. Jackson v. State of Ala. Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005). Under this analysis, courts must evaluate whether the plaintiff demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered reason so that a reasonable factfinder could conclude that it is unworthy of credit. Id. Proof that an employer's justification is unworthy of credence may be probative of discrimination, and may, therefore, permit a factfinder to reasonably

5

find discrimination.  See Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 147-48 (2000).

We have held that an employer's "shifting reasons" permitted the jury to conclude that its justifications for its decision were unworthy of credence, thereby allowing it to infer discrimination.  See Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1194-95 (11th Cir. 2004); see also Bechtel Const. Co. v. Sec'y of Labor, 50 F.3d 926, 928-31, 934-35 (11th Cir. 1995) (holding that the employer's shifting reasons demonstrated pretext inasmuch as it initially denied that the employee's performance contributed to his termination, but later argued that the employee's performance was the sole reason for its decision). Nonetheless, additional, but undisclosed, reasons for an employer's decision do not demonstrate pretext.  See Tidwell v. Carter Prod., 135 F.3d 1422, 1428 (11th Cir. 1998).  Thus, we have concluded that the plaintiff failed to show pretext where, although the employer offered differing explanations for its decision, its reasons were not necessarily inconsistent.  See Zaben v. Air Prod. & Chemicals, Inc., 129 F.3d 1453, 1458-59 (11th Cir. 1997).

To begin with, we agree that Landolfi presented sufficient evidence that his military service was a motivating factor in the Fire Department's promotion decisions.  We also agree, however, that the Fire Department presented sufficient evidence that it would not have promoted Landolfi absent any improper motivation

regarding his military service in light of his untrustworthiness and disruptiveness. As the record shows, Landolfi conceded that the Battalion Chief and Assistant Chief of Administration positions required that their occupants work considerably and extensively with each other, and that they hold the Fire Chief's trust. The job descriptions of both positions corroborate Landolfi's concessions, and decision-maker Paul Forsberg testified that he felt that the abilities to work with staff, make good decisions, and exercise good judgment were important aspects of the Battalion Chief and Assistant Chief of Administration positions. Moreover, Forsberg believed that successful candidates should be reliable and trustworthy, and get along with their peers.

Despite these qualifications, however, Melbourne presented significant evidence that Forsberg, among others, did not believe that Landolfi was trustworthy, made good decisions, exercised good judgment, or could work with others. Forsberg and another decision-maker, Tom Flamm, both cited a number of incidents corroborating this belief. While these factors are, as Landolfi argues, subjective, personal qualities heavily factor into employment decisions concerning supervisory positions. See Chapman v. AI Transport, 229 F.3d 1012, 1033-34 (11th Cir. 2000) (en banc).

Additionally, Melbourne presented evidence that the Fire Department failed to promote Landolfi because he had comparatively less experience or skills than

the successful candidates, or scored lower on each stage of the promotion process. Forsberg and Robert Apel, an Assistant Fire Chief, testified to the successful candidates' experience and skills, and it was undisputed that Landolfi ranked second in all stages of the 2010 Battalion Chief promotion process.

While Landolfi responds to Melbourne's presentation by arguing that its asserted reasons for the Fire Department's promotion decisions are pretext inasmuch as they were shifting or based upon false accounts, he has not sufficiently demonstrated pretext. First, he has not demonstrated that the Fire Department's reasons have shifted so as to permit a reasonable jury to infer pretext. Landolfi's argument largely operates on the premise that Melbourne's only proffered justifications for its decisions at the litigation stage were that he was untrustworthy and disruptive. While Melbourne proffered that these considerations did play a role in the promotion decisions, it also proffered that those decisions rested on, in part, a comparison of the candidates' skills and qualifications.

For example, the Fire Department proffered at the time of the decision that it did not promote Landolfi to Battalion Chief in 2006 because his past work experience was at a lower level than candidate Frank Avilla. This is entirely consistent with Forsberg's later testimony regarding his justification for selecting Avilla, which included a specific account of Avilla's experience and

8

accomplishments. Similarly, the Fire Department proffered in 2008 that it did not promote Landolfi to Battalion Chief because his skill level was lower than candidate Carl Rethwisch's. Again, this is consistent with Forsberg's later testimony regarding his justifications for selecting Rethwisch, which included a specific account of Rethwisch's experience and accomplishments. Moreover, Forsberg testified that he considered that Landolfi's deficiencies, including the lack of trust, spoke to his skill level, which is consistent with the Fire Department's initial proffer.

Moreover, the Fire Department initially proffered that it did not promote Landolfi to Assistant Chief of Administration in 2010 because his experience was less related than Apel's. This is entirely consistent with Forsberg's later review of Apel's experience and accomplishments, and his comparison to Landolfi's experience and accomplishments. Particularly, Forsberg cited Apel's experience in preparing budgets and writing grants, and it was undisputed that Apel's experience in those areas exceeded Landolfi's experience. Finally, it is undisputed that Landolfi placed second in all stages of the 2010 Battalion Chief promotion process, which is consistent with the Fire Department's initial justification of its decision to promote candidate Dave Waite.

While the Fire Department did not initially proffer, at least explicitly, that it failed to promote Landolfi based upon his perceived untrustworthiness and

disruptiveness, the Fire Department has, in light of the above discussion, consistently asserted its initial justifications for failing to promote Landolfi. Thus, the Fire Department's justifications have not shifted, and a reasonable jury, at most, could find that the additional justifications that Landolfi was untrustworthy and disruptive were additional, but undisclosed, reasons that will not demonstrate pretext. See Tidwell, 135 F.3d at 1428; Zaben, 129 F.3d at 1458-59. It is also worth noting that the Fire Department informed Landolfi in May 2011 -- before Landolfi filed his complaint -- that it passed him over for promotions due to some poor decisions, which is consistent with its proffer to the district court.

Landolfi also argues that he established pretext through the testimony of firefighters Ryan Spencer, Darrell Sipplen, Thomas Michaud, and Keith Maxwell testimonies, which he argues creates a credibility question regarding Forsberg's justifications for his promotion decisions. Forsberg's testimony, however, was largely vague, and in some instances he could not remember the specifics of the underlying issue. Moreover, there appears to be some consistency between accounts. For example, Forsberg testified that Spencer sought to be transferred off of Landolfi's shift, and Spencer testified to a negative atmosphere within Landolfi's crew and his desire to trade shifts. Ultimately, the evidence is insufficient to permit a reasonable jury to conclude from that basis alone that the entirety of Forsberg's justifications for the promotion decisions were untrue.

10

Landolfi correctly argues, however, that Jim Stables's testimony directly contradicts Forsberg's testimony.  Contrary to Forsberg's testimony, Stables denied ever telling Forsberg that Landolfi exposed himself to a mentally handicapped individual.  Forsberg, however, testified that he heard the account from a number of different people, and only identified Stables as one such person. Landolfi has offered no challenge to the evidence that Forsberg heard the same account from other individuals as well.  Thus, the inconsistency is not one that would permit a reasonable jury to conclude that the entirety of Forsberg's justifications for the promotion decisions were false.

In light of the insufficient showing of pretext, Landolfi has left unchallenged Melbourne's evidence that Forsberg, among others, believed that Landolfi was not trustworthy, did not make good decisions, did not exercise good judgment, and could not work with others.  Those qualities were necessary aspects of the Battalion Chief and Assistant Chief of Administration positions, and, to whatever extent Landolfi presented evidence that his technical qualifications exceeded those of the successful candidates, it is undisputed that those qualifications only established a baseline to ensure the candidate could perform the job.  Given Landolfi's deficiencies, which the successful candidates did not suffer from, Melbourne sufficiently established that no juror could conclude that the Fire

Department would have promoted Landolfi absent improper motivations. Accordingly, we affirm.

**AFFIRMED.**