ROY B. DALTON JR., United States District Judge
This action springs from a dispute between an insured-Plaintiff Frank Ayers ("Ayers ")-and his insurance company-Defendant State Farm Mutual Automobile Insurance Company ("State Farm "). (See Doc. 2.) The clash centers on competing interpretations of State Farm's obligation under a car insurance policy ("Policy ") to provide its insureds with counsel before the initiation of third-party bodily injury lawsuits ("Coverage Issue "). (See id. ; see also Doc. 58.) On February 15, 2018, the parties filed cross-motions for summary judgment on the Coverage Issue (Docs. 85, 87 ("SJ Motions ") ), which have been fully briefed (Docs. 98, 99). The Court heard argument on May 1, 2018. (See Doc. 103.) On review, the Court finds that State Farm's SJ Motion is due to be granted, and Ayers' SJ Motion is due to be denied.
I. BACKGROUND
A. Undisputed Facts[1]
On April 2, 2013, Ayers was involved in a car accident with Defendant Ruth Graham ("Graham "). (Doc. 85, ¶ 1; Doc. 98, ¶ 1.) Graham suffered injuries. (See Doc. 87-12, p. 8.) At the time of the accident, Ayers was insured by State Farm and his Policy provided liability coverage for bodily injury:
Insuring Agreement
1. [State Farm] will pay damages an insured becomes legally liable to pay because of
a. bodily injury to others;
* * *
It also provided:
2. [State Farm has] the right to:
a. investigate, negotiate, and settle any claim or lawsuit;
*1327 b. defend an insured in any claim or lawsuit with attorneys chosen by us ; [ ("Defense Provision ") ]
(See Doc. 2-1, p. 13.)
Graham then filed a bodily injury claim against Ayers, which fell within the Policy's bodily injury liability coverage ("Graham Claim "). (Doc. 85, ¶ 2; Doc. 98, ¶ 2.) On January 10, 2017, Graham contacted State Farm, demanding that State Farm tender the $100,000 policy limit due to her injuries. (See Doc. 87-12, p. 8.) State Farm then forwarded the pre-suit demand to Ayers and included a pre-suit personal asset affidavit and a letter informing Ayers that "if [he] wish[ed] to have [his] personal attorney review this information, [he should] please feel free to do so." (Doc. 87-12, p. 3.) At that point, State Farm did not hire counsel to represent Ayers, and it rejected Graham's pre-suit demand. (Doc. 85, ¶ 13; Doc. 98, ¶ 13; Doc. 87-3, p. 28.) So Graham filed suit against Ayers in state court on March 22, 2017 ("Graham Lawsuit "). (Doc. 85; ¶ 3; Doc. 98 ¶ 3.) Once filed, State Farm retained counsel to defend Ayers. (Doc. 87, ¶ 6; Doc. 99, ¶ 6.)
B. The Instant Action
Displeased by State Farm's failure to settle the Graham Claim and the initiation of the Graham Lawsuit, Ayers went on the offensive. He filed this putative nationwide class action in state court and asserted, among others, a class action claim for breach of contract against State Farm based on: (1) the failure to provide counsel to Ayers before the Graham Lawsuit was filed; and (2) the failure to reimburse him for expenses he incurred for forwarding lawsuit documents to State Farm. (Doc. 2, ¶¶ 95-116 ("Class Claim ").)
Invoking the Court's diversity jurisdiction under the Class Action Fairness Act, State Farm removed the action. (See Docs. 1, 31.) Following removal, the Court found that the majority of Ayers' individual claims[2] failed to satisfy supplemental jurisdiction, so it severed and remanded them. (See Doc. 76.) After whittling down Ayers' claims, what remains pending are the Class Claim and the declaratory judgment claim to the extent it turns on the Coverage Issue. (Id. at 6 n.5.) To resolve the Coverage Issue, the Court directed the parties to submit the instant cross-motions for summary judgment. (See Doc. 58.) The Court then heard argument on May 1, 2018 (see Doc. 103), and the matter is now ripe.
II. LEGAL STANDARD
Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) ; Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As to issues for which the movant would bear the burden of proof at trial, the "movant must affirmatively show the absence of a genuine issue of material fact and support its motion with credible evidence demonstrating that no reasonable jury could find for the nonmoving party on all of the essential elements of its case." Landolfi v. City of Melbourne, Fla. , 515 F. App'x 832, 834 (11th Cir. 2013)[3] (citing Fitzpatrick v. City of Atlanta , 2 F.3d 1112, 1115 (11th Cir. 1993) ). As to issues for which the non-movant would bear the burden of proof at trial, the movant has two options: (1) the movant may simply point *1328 out an absence of evidence to support the non-moving party's case; or (2) the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cts. , 941 F.2d 1428, 1438 (11th Cir. 1991) (citing Celotex Corp. , 477 U.S. at 325, 106 S.Ct. 2548 ).
"The burden then shifts to the non-moving party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists." Porter v. Ray , 461 F.3d 1315, 1320 (11th Cir. 2006) (citing Fitzpatrick , 2 F.3d at 1115-17 ). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Four Parcels , 941 F.2d at 1437 (quoting Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ).
The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. Battle v. Bd. of Regents , 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury ... when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.' " Mize v. Jefferson City Bd. of Educ. , 93 F.3d 739, 743 (11th Cir. 1996) (internal citations omitted).
III. ANALYSIS
To begin, either a statute or a contract may confer a duty to defend on an insurer. Allstate Ins. Co. v. RJT Enters., Inc. , 692 So.2d 142, 145 (Fla. 1997) ; Travelers Indem. Co. of Ill v. Royal Oak Enters., Inc. , 429 F.Supp.2d 1265, 1272 (M.D. Fla. 2004) ("Absent an express statutory or contractual duty to defend, there is no such duty.").[4] Since there is no applicable statute, the Court examines the Policy language to determine the Coverage Issue. Where the language of an insurance policy is clear and unambiguous, courts interpret it according to its plain meaning and are not permitted to rewrite the policy. See Swire Pac. Holdings, Inc. v. Zurich Ins. Co. , 845 So.2d 161, 165 (Fla. 2003). A policy provision "is considered ambiguous if the relevant policy language is susceptible to more than one reasonable interpretation." James River Ins. Co. v. Ground Down Eng'g , 540 F.3d 1270, 1274 (11th Cir. 2008) (internal quotations and citations omitted). "The lack of a definition of an operative term in the policy does not necessarily render the term ambiguous and in need of interpretation by the courts." Swire , 845 So.2d at 166 (quoting State Farm Fire & Casualty Co. v. CTC Dev. Corp. , 720 So.2d 1072, 1076 (Fla. 1998) ).
An insurance policy may relieve an insurer of an obligation to defend an insured by reserving a right. E. Fla. Hauling, Inc. v. Lexington Ins. Co. , 913 So.2d 673, 677 (Fla. 3d DCA 2005) ; see also PT Indon. Epson Indus. , 2002 WL 561376, at *3. A "right to defend" is different from a "duty to defend." See, e.g., Allstate Prop. & Cas. Ins. Co. v. Peluchette , No. 15-cv-80325-KAM, 2015 WL 11438215, at *3-*4 (S.D. Fla. July 29, 2015). Where, as here, the "policy language creates a right to defend, it is clear and unambiguous that it does not create a duty on the part of the *1329 insurer." E. Fla. Hauling , 913 So.2d at 678 (emphasis in original).
Notwithstanding these legal principles, Ayers supports his interpretation by pointing to: (1) testimony from State Farm's claims representative, Steven Hersh, who interprets the Defense Provision as imposing a duty on State Farm to hire pre-suit counsel; and (2) evidence that State Farm has on occasion hired pre-suit counsel for its insureds. (Doc. 85-2, p. 16; see also Doc. 87-7, p. 14.) In contrast, State Farm points to internal guidance it provides to claims representatives which, it contends, supports the discretionary nature of the right to hire pre-suit counsel. (Doc. 87, p. 5-7, 14-16.) Because the language of the Defense Provision is clear and unambiguous, the Court cannot consider the parties' extrinsic evidence. See Phila. Am. Life Ins. Co. v. Buckles , 350 F. App'x 376, 380 (11th Cir. 2009).
As a corollary, Ayers also posits that the Policy language regarding State Farm's right to defend creates doubt as to whether there is an obligation rather than an option, to defend by hiring pre-suit counsel, and such doubt should be resolved in his favor. (Doc. 85, p. 11-15; see also Doc. 99, pp. 3-5.) In true Lewis Carroll fashion,[5] Ayers essentially urges the Court to imbue the Policy with whatever meaning supports his position. But there is no room for poetic license because the Court must "look at the policy as a whole and give every provision its full meaning and operative effect." Hyman v. Nationwide Mut. Fire Ins. Co. , 304 F.3d 1179, 1186 (11th Cir. 2002) (internal citations omitted).
Here, the Defense Provision's unambiguous language-that is, State Farm's "right to defend"-does not compel a reading that State Farm is obligated to defend a claim by hiring pre-suit counsel for an insured. See, e.g., E. Fla. Hauling , 913 So.2d at 675, 677 (interpreting the clause "we have the right to ... [p]rovide a defense" and concluding that this language was not ambiguous). Instead, the Policy expressly and permissibly confers discretion on State Farm. See E. Fla. Hauling , 913 So.2d at 678. To hold otherwise would be to rewrite the Policy, an edit the Court cannot make. See James River Ins. Co. , 540 F.3d at 1274 (finding that courts may not rewrite contracts to add meaning that is not present). That the Policy does not define "right" does not alter the Court's conclusion. See Swire , 845 So.2d at 166.
In his final effort to get around the Defense Provision's unambiguous language, Ayers contends that reading the Policy to not impose a duty on State Farm to hire pre-suit counsel renders it illusory. (Doc. 85, pp. 15-16.) According to Ayers, the Policy permits State Farm to say, in effect, "I will hire counsel if I want to," while it obligates Ayers to cooperate with State Farm's control of that defense, prohibiting him from hiring his own counsel. (See id. at 16.) Such contradiction is purportedly an absurd result. (See id. ) The Court disagrees.
As previously explained, an insurer may permissibly relieve itself of a duty. See E. Fla. Hauling, Inc. , 913 So.2d at 677. And courts construing similar insurance policy language have enforced an insurer's right, not duty, to provide a defense to insureds. See, e.g., id. ; Great W. Cas. Co. v. Flandrich , 605 F.Supp.2d 955, 977-78 (S.D. Ohio 2009) (collecting state and federal district court opinions). So the discretionary nature of State Farm's right to defend a claim does not render the *1330 Policy illusory. See, e.g., Flandrich , 605 F.Supp.2d at 978. To hold otherwise would effectively rewrite the Policy, which the Court has previously explained it cannot do. Rather, the Court concludes that the Policy as written is enforceable. Although Ayers wants to mandate how State Farm defends a claim brought against an insured (see Doc. 85, pp. 15-16), that is not the policy he chose to buy. He can no more change that choice now than he can alter the unambiguous terms of the Policy. Because the Court concludes that the Policy does not obligate State Farm to hire pre-suit counsel for Ayers, State Farm's SJ Motion is due to be granted.[6]
IV. CONCLUSION
Accordingly, it is ORDERED AND ADJUDGED as follows:
1. Plaintiff Frank Ayers' Motion for Summary Judgment (Doc. 85) is DENIED .
2. Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment on the Coverage Issue (Doc. 87) is GRANTED to the extent identified in this Order.
3. The Clerk is DIRECTED to enter judgment in favor of Defendant State Farm Mutual Automobile Company and against Plaintiff Frank Ayers on the Coverage Issue set forth in Counts I and VII of the Complaint (Doc. 2, ¶¶ 53, 107(a) ).
4. The parties are DIRECTED to confer, and on or before, Thursday, July 5, 2018 , file a joint notice informing the Court of how they intend to proceed on Ayers' remaining putative class claim concerning State Farm's alleged failure to reimburse Ayers for expenses he incurred for forwarding lawsuit documents to State Farm (Doc. 2, ¶ 107(b) ).
DONE AND ORDERED in Chambers in Orlando, Florida, on June 20, 2018.

In resolving a summary judgment motion, the Court ordinarily presents the facts in the light most favorable to the non-moving party. See Battle v. Bd. of Regents for Ga. , 468 F.3d 755, 759 (11th Cir. 2006). Here, however, both parties move for summary judgment, and the material underlying facts are not in dispute-rather, only the inferences drawn from those facts are in dispute. Therefore, in the following section the Court presents the undisputed facts from the record evidence.

In his Complaint, Ayers asserted the following individual claims: (1) declaratory judgment; (2) bad faith; (3) fraud; and (4) tortious interference. (Doc. 2 ¶¶ 47-94.)

"Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc. , 487 F.3d 1340, 1345 (11th Cir. 2007).

See also Nationwide Ins. Co. of Am. v. Calabrese , No. 13-CIV-81145, 2014 WL 7185467, at *5 (S.D. Fla. Dec. 16, 2014) ("An insurer's duty to defend arises from the insurance contract and policy."); PT Indon. Epson Indus. v. Orient Overseas Container Line, Inc. , No. 99-cv-3373, 2002 WL 561376, at *1 (S.D. Fla. Apr. 11, 2002) (holding that "[t]he 'duty' to defend arises only from contract or statute, and is not a common law duty"); Budget Rent A Car Sys., Inc. v. Taylor , 626 So.2d 976, 978 (Fla. 4th DCA 1993) (recognizing that in the insurance context, a duty to defend is found in the provisions of the insurance policy).

See Lewis Carroll, Through the Looking Glass 57 (Dover Thrift eds. 1999) (1872) (" 'When I use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean-neither more nor less.' ")

State Farm also argues that the remainder of the Class Claim addressing State Farm's alleged failure to reimburse Ayers for expenses he incurred for forwarding lawsuit papers to State Farm is moot because State Farm has reimbursed Ayers for such expenses. (Doc. 87, pp. 17-18.) Ayers disagrees and contends that such payment is a confession of judgment, entitling him to attorney fees. (Doc. 99, pp. 14-15.) As the Court limited the summary judgment briefing to only the Coverage Issue, it declines to address this independent issue that is not adequately before the Court.